**LONG ISLAND RAIL ROAD COMPANY, Brooklyn Eastern District Terminal, Bush Terminal Railroad Company and New York Dock Railway, Plaintiffs,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, Defendant.**

Civ. A. No. 60–C–595.

United States District Court
E. D. New York.

June 28, 1960.

674

Otto M. Buerger, Jamaica, N. Y., for plaintiff The Long Island R. R. Co., Richard H. Stokes, New York City, of counsel.

John F. Finerty, New York City, for plaintiff Brooklyn Eastern Dist. Terminal.

Hays, St. John, Abramson & Heilbron, New York City, for plaintiffs Bush Terminal R. Co. and New York Dock Ry., Morris Shilensky, Milton Sargoy, New York City, of counsel.

Gerald E. Dwyer, New York City, for defendant, J. H. Shapiro, J. H. Colgren, G. J. Schwarz, New York City, of counsel.

Robert W. Ginnane, Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for the Interstate Commerce Commission, amicus curiae, Fritz R. Kahn, Washington, D. C., of counsel.

BARTELS, District Judge.

This is an action by plaintiffs under Sections 1(18) and 1(20) of the Inter-

state Commerce Act, 49 U.S.C.A. §§ 1 (18) and 1(20) [hereinafter referred to as "the Act"] and Section 1331 of the Judicial Code, 28 U.S.C. § 1331, to enjoin defendant, The New York Central Railroad Company, from establishing an off-track freight station known as the Jay Street Terminal and located at 10 Jay Street, Brooklyn, New York, without first having obtained a certificate of public convenience and necessity pursuant to Section 1(19) of the Act.

Under date of May 20, 1959 defendant filed with Interstate Commerce Commission [hereinafter referred to as the "Commission"] tariff schedules pursuant to Section 6 of the Interstate Commerce Act, 49 U.S.C.A. § 6, which proposed the establishment of an off-track freight station at John Street near Gold Street in the Borough of Brooklyn. Upon protest by plaintiffs the operation of the tariff schedules was postponed by order of the Commission's Board of Suspension for a period of seven months, until January 20, 1960. Following public hearings and the filing of briefs by the parties, Division 2 of the Commission issued a report in which it found that the defendant proposed to establish an off-track "inland" station at 10 Jay Street, Brooklyn, New York, and not an illegal off-track "constructive" station at John Street near Gold Street. Plaintiffs filed petitions for reconsideration on various grounds, but meanwhile defendant caused tariffs to be filed in accordance with the order of the Commission showing the address of the Jay Street Terminal to be 10 Jay Street, Brooklyn, New York. These tariff schedules including Supplement 83 to Freight Tariff 116–G, I.C.C. A–1108, were published to become effective on June 21, 1960, the date to which defendant voluntarily had stayed the effective date of the tariff schedules.

Plaintiffs protested this latest tariff upon the ground that it constituted an illegal extension of a line of railroad in violation of Section 1(18) of the Act. Division 2 of the Commission however refused to order the suspension of the tariff.[1] Accordingly, plaintiffs obtained from this Court on June 20, 1960 an order temporarily restraining the defendant from establishing said freight depot until the determination of the plaintiffs' motion for a preliminary injunction pending the determination of the application for a permanent injunction. Upon the argument of the motion defendant cross-moved for dismissal of the plaintiffs' complaint.

Preliminarily the Court is confronted with a question of jurisdiction. Defendant, and the Commission as *amicus curiae*, urge that the Court is without jurisdiction of the application because the Commission has acted and plaintiffs therefore have not exhausted their remedies under the Urgent Deficiencies Act, 28 U.S.C. §§ 2284, 2325, providing for a review of the Commission's action by a three-judge statutory court, citing United States v. Railway Express Agency, Inc., D.C.Del.1951, 101 F.Supp. 1008.

They argue that the approval of the tariff by the Commission constituted a finding that there was no illegal extension of a line of railroad, that the present action is a collateral attack on the Commission's finding, and that plaintiffs' exclusive remedy is an appeal from the Commission's order to a three-judge court. Powell v. United States, 1937, 300 U.S. 276, 57 S.Ct. 470, 81 L.Ed. 643, is dispositive of this contention. In that case the Commission had acted by ordering a tariff "stricken from the files" on the ground that the service proposed by the carrier would compel it to perform

[1]. One of the implied reasons for plaintiffs' objection to the new tariff is the extra service which the defendant will be able to render to shippers without charge, thus placing the plaintiffs in a disadvantageous competitive position. Plaintiff, The Long Island Rail Road Company, being a railroad development corporation in which the public interest is a vital factor, is unusually sensitive to any special privileges accorded its competitors. Such considerations, however, affect neither the rights of the plaintiffs nor the liabilities of the defendant.

an act prohibited by Section 1(18) of the Act. A three-judge district court held that the Commission's order was valid on the ground that the tariff aided the carrier to violate Section 1(18) of the Act and thus impaired the carrier's line-haul revenue in violation of the Emergency Transportation Act. From this decision an appeal was taken to the Supreme Court which reversed the district court, holding that the Commission lacked jurisdiction to determine the existence of a Section 1(18) violation, stating (300 U.S. at page 287, 57 S.Ct. at page 476):

"* * * The purpose of section 1, subds. (18) to (22) of the Act was to empower the Commission in proceedings instituted by a carrier proposing to engage in transportation over or by means of an additional or extended line authoritatively to decide whether it would be in the public interest. Unless the project is one covered by section 1(18), the Commission is not authorized by the act to consider whether it is in the public interest and, for lack of jurisdiction to determine that question, it must deny the application. Upon presentation by the carrier of application for a certificate, the Commission, for the purpose of determining whether it is authorized by the act to consider the merits, may pass incidentally upon the question whether the project is one covered by section 1(18). *But the decision of that question is for the court in either a suit to set aside an order granting a certificate or in a suit under section 1(20) to enjoin a violation of section 1(18). The function of the court is to construe that paragraph; that of the Commission is to determine whether the project, if it is one covered by the paragraph, is in the public interest.* * * *" (Emphasis added.)

In reversing the lower court's order, the Supreme Court specifically stated that the three-judge court would have no jurisdiction to hear a petition for an injunction against a Section 1(18) violation (300 U.S. at pages 288–289, 57 S. Ct. 470). See also, Texas & P. Ry. Co. v. Gulf, C. & S. F. Ry. Co., 1926, 270 U. S. 266, 273–274, 46 S.Ct. 263, 70 L.Ed. 578; Meyers v. Famous Realty, Inc., 2 Cir., 1959, 271 F.2d 811, 816–817, certiorari denied, 1960, 362 U.S. 910, 80 S.Ct. 681, 4 L.Ed.2d 619. Indeed, this very Court has previously decided this issue in Long Island Rail Road Co. v. Delaware, Lackawanna & W. R. Co., D.C. N.Y.1956, 143 F.Supp. 363, 365.

Defendant claims that the Powell case is not controlling because the Commission in that case did not act on the alleged Section 1(18) violation, while in this case the Commission did act. Such is not the fact because in both Powell and the instant case the Commission did *incidentally* pass on a Section 1(18) violation. Defendant further argues that the Powell language implies concurrent jurisdiction in both district and three-judge courts in certain situations involving Section 1(20), and that this is contrary to the intent of the Act. Section 1(20) provides "* * * Any construction * * * contrary to the provisions of this paragraph or of paragraphs (18) or (19) of this section may be enjoined by any court of competent jurisdiction * * *". It is thus manifest from the statute that (i) where there has been a hearing upon an application for a certificate of convenience and necessity, there has been a proceeding as required by paragraphs (18), (19) and (20) of Section 1, and no power to enjoin is granted to the district court by said paragraph (20), the sole remedy being by an appeal to a three-judge court, and (ii) where there has been no hearing upon an application for a certificate of convenience and necessity, paragraph (20) of Section 1 empowers the district court to issue an injunction for a Section 1(18) violation. Here there has been no proceeding as required by paragraphs (18), (19) or (20) of Section 1 and therefore plaintiffs' sole rem-

edy is by injunctive relief under paragraph (20) of Section 1.

The case of United States v. Railway Express Agency, Inc., D.C.Del.1951, 101 F.Supp. 1008, and similar cases are not apposite because they do not involve a Section 1(18) violation; accordingly the collateral attacks made in those cases were properly dismissed. In this case the Commission, as indicated by the above decisions, did not have jurisdiction to determine the present issue and therefore this application does not attack a Commission order, collaterally or otherwise.

The issue raised by the complaint is whether the establishment by defendant of the new freight depot at 10 Jay Street, Brooklyn, New York constitutes an extension of defendant's line of railroad within the meaning of Sections 1(18) and 1(20) of the Act, requiring the issuance by the Commission of a certificate of public convenience and necessity pursuant to Section 1(19) of the Act.

The record in this case discloses that the Commission has incidentally held that the proposed depot is not an extension of a line of railroad within the meaning of Section 1(18) of the Act, citing Drayage and Unloading at Jefferson City, Mo., 206 I.C.C. 436, 439. It has further determined that the proposed depot is an "off-track inland station" and not a "constructive station", referring to Transfer in St. Louis and East St. Louis By Dray and Truck, 155 I.C.C. 129, and Constructive and Off Track Railroad Stations, 156 I.C.C. 205. See also, Tariffs Embracing Motor Truck or Wagon Transfer Service, 91 I.C.C. 539.

█ Plaintiffs contend that the definition of "railroad" in Section 1(3) of the Act specifically includes "all freight depots" and therefore an extension of a freight depot is in effect an extension of a line of railroad. A similar argument was made and rejected in Absorption of Drayage and Trucking Charges, 197 I.C.C. 675, with respect to "terminal facilities", which is also a term specifical-

ly mentioned in Section 1(3). While the decisions of the Commission upon such issues are not binding on the Court in this proceeding, there is no question that they represent the conclusions of experts in this field and should not be disregarded lightly. See Long Island Rail Road Co. v. Delaware, Lackawanna & W. R. Co., supra. Moreover, plaintiffs' contention is seriously undermined by New York Dock Ry. v. Pennsylvania R. Co., 3 Cir., 1933, 62 F.2d 1010, 1012–1013, certiorari denied 289 U.S. 750, 53 S.Ct. 694, 77 L.Ed. 1495, where the court expressly emphasized the distinction between the word "railroad" (which includes a "depot") and a *"line of railroad"* (which includes roads, yards, tracks, with their terminals and terminal facilities). In that case the court held the railroad's proposed operation from its terminal to receive and deliver freight was an extension of a transportation service and not an extension of a line of railroad subject to the provisions of Section 1(18). Against the background of these authorities grave doubt is cast upon plaintiffs' chances of establishing their right to permanent relief. While in a case of this nature, involving a violation of the Act, the plaintiff need not establish irreparable injury (see I.C.C. v. Consolidated Freightways, Inc., D.C.N.D., 1941, 41 F.Supp. 651, 656), it nevertheless must establish a reasonable certainty of success at the final hearing. See Hall Signal Co. v. General Ry. Signal Co., 2 Cir., 1907, 153 F. 907, 908. Absent such reasonable certainty there is no justification for the issuance of an injunction.

█ It could be argued that in view of the above authorities the Court should, as a matter of law, dismiss the complaint. But it should be observed that in none of the above cases did the carrier propose to establish an additional, physical off-track depot over an objection that such an addition would constitute a Section 1 (18) violation. Nor can it be said as a matter of law that plaintiffs will be unable to adduce any evidence which, together with the establishment of the pro-

posed depot and the transportation facilities extended thereto by the defendant, would demonstrate that defendant's activities constitute an extension of its "line of railroad" as defined in the Act. Upon the argument plaintiffs asserted that they would present additional facts at the full hearing on the permanent injunction. Under the circumstances the Court should not pre-judge the cause and deprive plaintiffs of their day in court.

Motion for temporary injunction and cross-motion to dismiss the complaint denied. The temporary restraining order will be continued until July 1, 1960, except that an additional five-day period will be granted if plaintiffs apply to the Court of Appeals or a judge thereof in connection with an appeal from the order to be entered hereon. Settle order on two days' notice.