**LONG ISLAND RAIL ROAD COMPANY, Brooklyn Eastern District Terminal, Bush Terminal Railroad Company and New York Dock Railway, Plaintiffs,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, Defendant.**

No. 60–C–595.

United States District Court
E. D. New York.

Oct. 24, 1960.

146

Otto M. Buerger, Jamaica, N. Y., for plaintiff, Long Island R. Co.

John F. Finerty, New York City, for plaintiff, Brooklyn Eastern District Terminal.

Hays, St. John, Abramson & Heilbron, New York City, for plaintiffs, Bush Terminal R. Co. and New York Dock Railway; Morris Shilensky, New York City, of counsel.

Gerald E. Dwyer, New York City, for defendant; J. H. Shapiro, New York City, of counsel.

BARTELS, District Judge.

This is a motion by defendant the New York Central Railroad Company for summary judgment pursuant to Rule 56, Fed. Rules Civ.Proc., 28 U.S.C.A. "upon the proceedings previously had herein, including the decision of the United States Court of Appeals for the Second Circuit dated July 21, 1960 * * *".

Plaintiffs previously applied for a preliminary injunction by means of an Order to Show Cause to which they attached fifty-nine pages of exhibits consisting of (i) a proposed I.C.C. Tariff [Supplement 59 to Tariff 116(g)], (ii)

a protest to the said tariff filed with the I.C.C. Board of Suspension, (iii) a report of the I.C.C., Division 2, overruling said protest, (iv) a petition for reconsideration of the said report and decision by the entire Commission, (v) a further Tariff [Supplement 83 to Tariff 116(g)], and (vi) a protest to the said further Tariff, for the purpose of showing that plaintiffs had exhausted their administrative remedy. This Court denied plaintiffs' application for a preliminary injunction on the ground that plaintiffs had failed to demonstrate reasonable probability that they would prevail in the action, but also denied defendant's motion to dismiss the complaint for failure to state a cause of action. D.C., 185 F. Supp. 673, affirmed, 2 Cir., 281 F.2d 379. Defendant's instant motion is predicated on the theory that the facts in the case are embraced within a report of the Interstate Commerce Commission, Division 2, dated April 20, 1960 (annexed to plaintiffs' application for a preliminary injunction), which found that the proposed off-track station would not be unlawful, and that the law in the case is determined by the above decision of the Court of Appeals. Defendant submitted no papers in support or in amplification of its notice of motion. Upon the argument plaintiffs orally stated that they did not agree with the statement of facts as presented in the Interstate Commerce Commission report and that the same is incorrect in certain material aspects.

■■ At the threshold it is necessary to point out that this application does not constitute a judicial review of agency action under the Administrative Procedure Act, 5 U.S.C.A. §§ 1001 to 1011, in which case upon a motion for summary judgment the court is bound by the findings and conclusions unless they are unsupported by substantial evidence. Cf. United States v. Islip Machine Works, Inc., D.C.N.Y.1959, 179 F.Supp. 585; United States v. Hamden Co-operative Creamery Co., D.C.N.Y.1960, 185 F. Supp. 541

Rule 56 provides that a summary judgment may be rendered if the papers "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *". Supporting and opposing affidavits must be made upon personal knowledge and must set forth facts which would be admissible in evidence. Subdivision (e) provides in part that "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

■ The Court is here presented with an application to which there are attached no affidavits setting forth any facts but which simply relies "upon the proceedings previously had herein". The motion is made before joinder of issue and while such joinder is not required in the Federal Court upon an application of this type, nevertheless defendant's failure to answer leaves the Court without any indication of the factual issues in dispute. The findings of the Interstate Commerce Commission as to the facts regarding the tariff dispute are not binding upon this Court and the opinion of the Court of Appeals based upon the record on the motion for a preliminary injunction does not preclude plaintiffs from establishing further facts not raised upon the motion. It is true that plaintiffs have failed to specify the facts which they contend to be in dispute, but the burden is upon the moving party to establish the facts with respect to which there is no dispute and not upon the other party to establish the facts that are in dispute. In other words, the defendant upon this motion has the burden of establishing the negative, and the plaintiffs do not have the burden of establishing the affirmative. To grant a summary judgment it must clearly appear that there is no genuine issue of a material fact. Evers v. Buxbaum, 1958, 102 U.S. App.D.C. 334, 253 F.2d 356. It is impossible for the Court to reach that conclusion upon the present status of the

148

record. By its bare notice of motion the defendant has failed to formulate the actual issues involved and to sustain the burden by proper affidavits or otherwise that there is no such issue in the case. Therefore the application must be denied, without prejudice to renew the motion upon proper papers.

Settle order on 2 days' notice within 10 days.