**K. A. COCKRELL, Plaintiff,**

v.

**A. L. MECHLING BARGE LINES, INC.,
et al., Defendants.
Civ. A. No. 13205.**

United States District Court
S. D. Texas,
Houston Division.
March 28, 1961.

On Motions April 24, 1961.

623

Mandell & Wright, A. J. Mandell, Houston, Tex., for plaintiff.

James E. Ross, Houston, Tex., for defendant A. L. Mechling Barge Lines, Inc.

INGRAHAM, District Judge.

This cause is here on motion of defendant A. L. Mechling Barge Lines, Inc. (hereinafter Mechling) for summary judgment. The action arises out of an alleged injury sustained by plaintiff longshoreman K. A. Cockrell while attempting to position a loading spout or marine leg owned and maintained by Olin-Mathieson Chemical Corporation (hereinafter Mathieson), co-defendant, over a barge operated by Mechling for the purpose of loading the barge with bulk chemical fertilizer.

Under Fed.Rules Civ.Proc. rule 56, 28 U.S.C.A., the pleadings, depositions and admissions on file, together with the affidavits, if any, must show that there is no genuine issue as to any material fact before summary judgment can be granted. The court has the pleadings, stipulations and depositions of plaintiff before it. There has been no request by plaintiff for a continuance under Rule 56(f) to allow discovery or for permission to file additional evidentiary materials directed toward showing this motion by Mechling for summary judgment to be without merit.

Since there must be no genuine issue as to any material fact, a brief résumé of the facts established by the submitted documents and considered most favorably to plaintiff follows. The movant Mechling has the burden of clearly establishing the lack of a triable issue of fact, and his moving papers are much more carefully scrutinized than those of the opposing party; in short, all doubts are resolved against the movant. 6 Moore's Federal Practice (2d Ed. 1953), Sec. 56.27(1), page 2364, and authorities cited.

Barge MBL 404B was, on or about August 3, 1958, at the Mathieson docks at Houston, Texas, to be loaded with bulk fertilizer. The barge was at the time being operated by Mechling. Mathieson owned and maintained the loading apparatus to be used to fill the barge; this apparatus is a permanent installation on the Mathieson dock. This type of loading equipment is not found on barges, and during proper operation never touches the barge it is being utilized to fill. Plaintiff was an employee of United Stevedores, the stevedore which had contracted to load the barge. At the time of the injury plaintiff was aboard the barge and was attempting, with the help of another stevedore, to turn or otherwise position the marine leg over the barge by using a pair of tag ropes. This marine leg or spout was harder to turn than usual and, in his unsuccessful efforts to move it by use of the ropes, plaintiff injured his back with resulting medical expenses, loss of wages, pain and suffering, etc. Mechling had no employees with the barge, and the record contains no facts relative to its arrival or departure from the Mathieson docks.

This spout was hard to turn due to hardened fertilizer between two surfaces designed to slide upon one another. We should not and cannot, on these papers, say whether negligently so or not, insofar as Mathieson is concerned. At any rate neither the fact of or the extent of the seizure was visible to the longshoremen and could be detected only by attempts to move it or by dismantling the device to some extent.

Plaintiff says that there was nothing wrong with the barge proper to the best of his knowledge.

In plaintiff's complaint as to Mechling he alleges essentially that Mechling was negligent and that the barge was unseaworthy. There is a bare allegation of negligence plus an allegation that it was negligence for Mechling not to inspect the spout before its attempted use or movement. The allegation of unseaworthiness is based upon the claim that the loading spout was an appurtenance of or "adopted by" the barge and defective; thus rendering the barge unseaworthy. There is also an allegation of failure to supply a reasonably safe place in which to work, which is said to be negligence and/or unseaworthiness.

Finally, plaintiff's "Memorandum and Reply to Defendant Mechling's Brief" states:

"Defendant Mechling, in its brief, takes the position that plaintiff's deposition forecloses him of proving, by witnesses other than the plaintiff, negligence or unseaworthiness, hence it moves for a summary judgment. * * *

"On Page 13 of its brief, defendant contends:

" 'The plaintiff cannot show that this defendant was negligent *under* the circumstances, because the plaintiff has admitted that he does not know what those circumstances were.'

This, of course, may be true but that does not preclude the plaintiff from bringing forward evidence from sources other than the plaintiff of circumstances imposing liability on either ground."

From this quotation it is clear that it is the position of plaintiff that this motion should not be granted because, leaving aside the specific allegation of negligence in not inspecting the spout and the issue of unseaworthiness by adoption of the loading equipment, he may be able to support his general allegations of negligence and unseaworthiness by witnesses or proof other than plaintiff himself when the case is tried. It is not that simple.

■ On motions for summary judgment the opposing party cannot simply say that it should be denied because he may be able to prove, on trial, the facts or conclusions alleged; plaintiff, too, has some duties and properly so if the procedure is to be of any value at all. The case of Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469, is not similar on its facts, but I feel that language from that decision, together with Moore's comments, points up very clearly what is required of the party opposed to the summary judgment. At page 473 of Engl it is said:

"In the present case we have from the plaintiff not even a denial of the basic facts, but only in effect an assertion that at trial she may produce further evidence, which she is now holding back, to controvert the legal deduction from the New York statute and decisions that the conceded misrepresentations of the application are material. If one may thus reserve one's evidence when faced with a motion for summary judgment there would be little opportunity 'to pierce the allegations of fact in the pleadings' or to determine that the issues formally raised were in fact sham or otherwise unsubstantial. It is hard to see why a litigant could not then generally avail himself of this means of delaying presentation of his case until the trial. So easy a method of rendering useless the very valuable remedy of summary judgment is not sug-

gested in any part of its history or in any one of the applicable decisions."

After setting out the same quote Moore, 6 Moore's Federal Practice (2d Ed. 1953), Sec. 56.11(4), page 2078, comments:

"Unless the deposition offered in support of a motion for summary judgment, together with other supporting materials, if any, clearly establishes that there is no genuine issue of material fact the motion for summary judgment must, of course, be denied. *If, on the other hand, it does clearly establish the lack of a triable issue and the opposing party does not come forward with some countervailing proof then the movant should be granted summary judgment if he is entitled thereto as a matter of law.*" (Emphasis supplied).*

The underscored portion of the quote aptly describes this case.

█ In this case plaintiff cannot prevent summary judgment if there is no genuine issue as to any material fact on the pleadings, affidavits, and the like as they stand, when he has come forward with nothing to indicate to this court that there is any chance of an issue of negligence arising on trial, other than the issue raised by the allegation that the failure of Mechling to inspect the spout was negligence.

The fact that Mechling did not inspect the spout is taken as established and raises a legal issue; whether the barge "adopted" the spout or is otherwise considered as having become burdened with it as a part of its equipment raises the only other issue in this case. I am of the opinion that legal conclusions applied to the settled facts dispose of that issue also.

There is no question as to the ownership, maintenance, or operation of this loading equipment. Mechling had nothing to do with any aspect of it. Under the circumstances present here negligence, if any, resulting in the injuries to plaintiff cannot be charged to Mechling. The case of McKnight v. N. M. Paterson & Sons, Limited, D.C.N.D.Ohio 1960, 181 F.Supp. 434, affirmed by an unreported order of Judge J. D. Martin, U. S. Court of Appeals for the Sixth Circuit, 286 F.2d 250, in December 1960, is virtually identical with this case factually and legally. I need do no more than cite Judge Connell's opinion in the district court wherein he makes it clear that cases of this type are not proper places for charging negligence, if any, to the ship owner. I agree.

As to the other issue, whether it can be said that this barge was unseaworthy, I again cite the McKnight case, supra. Judge Connell analyzes the cases in this area and reaches the correct conclusion. This spout was not an appurtenance of the barge, it was not adopted by it, and it was not integrated into it. Whether defective or not it could not cause the barge to be unseaworthy. There is no allegation or suggestion that any other factor caused this barge to be unseaworthy.

Summary judgment should be entered for the A. L. Mechling Barge Lines, Inc. The clerk will notify counsel to draft and submit judgment accordingly.

### On Motions

Plaintiff Cockrell moves the court to reconsider or rehear defendant Mechling's motion for summary judgment, granted in memorandum of March 28,

---

* That Engl and the text in Moore state the rule for our circuit is made clear in Bruce Construction Corp. v. United States, 5 Cir., 1957, 242 F.2d 873, where Engl is cited with approval by Judge Brown in an analogous situation. It is said in 242 F.2d 873, at page 875:

"Consequently, when a movant makes out a convincing showing that genuine issues of fact are lacking, we require (here citing Engl) that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence."

1961. In that memorandum much reliance was placed upon McKnight v. N. M. Paterson & Sons, Limited, D.C.N.D.Ohio 1960, 181 F.Supp. 434. Roper v. United States, 4 Cir., 1960, 282 F.2d 413, was *not* cited in that memorandum.

Plaintiff urges reconsideration upon this rationale: (1) the Supreme Court has granted certiorari in Roper, 365 U.S. 802, 81 S.Ct. 466, 5 L.Ed.2d 459; (2) an application for certiorari has been made in McKnight; (3) Roper and McKnight involve the same basic issue, which issue governs this motion; (4) since the Supreme Court granted certiorari in Roper it will do so in the analogous, controlling McKnight; and (5) defendant's motion must be denied in view of the uncertainty of ultimate resolution of these issues in the Supreme Court.

Plaintiff's argument has a fatal flaw—Roper is not in point. Roper in no way controls the issue of unseaworthiness here present; the fact that certiorari was granted in Roper is of no moment here. The writ history of Roper in no way weakens the authority of McKnight. That the issue here involved was not reached in Roper is evident from this passage in 282 F.2d at page 416:

> "The District Court did not consider whether the usual warranty of seaworthiness would encompass this sort of shore-based, shore-attached equipment (the same equipment as at bar), for it held there was no warranty of seaworthiness. *Since we agree, we also confine ourselves to the holding that there was here no warranty of the seaworthiness of any unloading equipment.*" (Emphasis supplied).

McKnight remains controlling authority.

Plaintiff's motion to reconsider or rehear is without merit and will be denied.

Co-defendant Olin Mathieson Chemical Corporation, owner of the loading spout or marine leg in question, moves to strike the allegations in plaintiff's second amended original complaint on the issue of unseaworthiness of the barge, and to strike from the pretrial order the issue of unseaworthiness as a possible issue at trial. It is the contention of Olin Mathieson that the memorandum of March 28, 1961, eliminates the issue of unseaworthiness in its rejection of the marine leg as a source of unseaworthiness. I am of the opinion that defendant Olin Mathieson is correct. As a matter of law the allegations of this complaint do not support an unseaworthiness count against either Mechling or Olin Mathieson.

Defendant Olin Mathieson's motion to strike allegations of unseaworthiness in plaintiff's second amended original complaint and to strike the issue of unseaworthiness from the pretrial order will be granted.