**LONG ISLAND RAIL ROAD COMPANY, Brooklyn Eastern District Terminal, Bush Terminal Railroad Company and New York Dock Railway, Plaintiffs,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, Defendant.**

**No. 60-C-595.**

United States District Court
E. D. New York.

July 5, 1961.

Otto M. Buerger, Jamaica, N. Y., for plaintiff Long Island Rail Road Company. Richard H. Stokes, New York City, of counsel.

John F. Finerty, New York City, for plaintiff Brooklyn Eastern District Terminal.

Hays, St. John, Abramson & Heilbron, New York City, for plaintiffs Bush Terminal Railroad Company and New York Dock Railway. Morris Shilensky, New York City, of counsel.

Gerald E. Dwyer, New York City, for defendant. Jerome H. Shapiro, John H. Colgren, New York City, of counsel.

BARTELS, District Judge.

This is the second motion by defendant The New York Central Railroad Company ("Central") for summary judgment pursuant to Rule 56, Fed.Rules Civ. Proc., 28 U.S.C.A., the first having been

denied because of defective papers.[1] The primary issue involved is whether the establishment of a proposed off-track freight depot in Brooklyn within Central's New York terminal district to and from which it would provide truck service, is an extension of a "line of railroad" within the meaning of § 1(18) and § 1 (20) of the Interstate Commerce Act ("Act"), requiring a certificate of convenience and necessity pursuant to § 1 (19) of the Act, 49 U.S.C.A. § 1(18–20). Previously this Court has held that it was within its jurisdiction to decide the applicability of § 1(18) to the project.[2] For full discussion of the issues reference is made to Long Island Rail Road Company v. New York Central Railroad Company, 2 Cir., 1960, 281 F.2d 379, at page 384, where Judge Friendly said:

"Interpretation of § 1(18) as not applying to initiation or abandonment of trucking service to a freight depot within a terminal district already served by a rail carrier likewise accords with the purpose of the statute and with considerations of practical administration. As explained in Railroad Commission of State of California v. Southern Pacific Co., 1924, 264 U.S. 331, 343–347, 44 S.Ct. 376, 68 L.Ed. 713, and in Texas & Pacific Ry. v. Gulf, Colorado & Santa Fe R. Co., supra, 270 U.S. [266], at page 277, 46 S.Ct. 263 [70 L.Ed. 578] the purpose of requiring a certificate for new construction was to prevent wastes of carrier resources, of two sorts— waste of the resources of the constructing carrier by unwise expenditures and waste of the resources of other carriers by extension of a new carrier into an area adequately served by existing lines. Neither consideration is applicable to the situation at bar. No substantial capital expenditure by the Central is involved. Of course, there is a question whether furnishing the haulage

without added charge will be an undue financial burden on the Central as against the advantages it expects to receive, but that is the same sort of question which the Commission regularly considers in rate cases— and, indeed, could have been considered in the investigation and suspension proceeding here—and does not differ because the trucks operate to or from a depot rather than the shipper's premises, as to which appellants do not seriously urge a certificate to be required even if the carrier absorbs the expense, * * ".

In this and similar cases the Interstate Commerce Commission has expressed itself by a construction of long standing that the establishment of such a depot is not an extension of a "line of railroad". This was the conclusion reached by the Court of Appeals in this case. While the Court stated that the purpose of requiring a certificate was to prevent waste on the part of carriers, it did not state that such a certificate was required upon these facts but held to the contrary. It appears as a matter of law that the establishment of this depot is not an extension of a line of railroad. This being so, it follows that this motion should be granted. However, assuming that this were not true and further that upon a showing that the establishment of the depot would result in a waste of resources of Central as well as a similar waste by other carriers, which would compel this Court to conclude that the undertaking was a § 1(18) project, then the Court would be required to determine whether there existed a genuine issue of a material fact. But this would seem to be a duplication of the proceedings which Congress apparently relegated to the Commission under § 1 (18). It is unnecessary to resolve this issue because, even under this hypothesis, plaintiffs' affidavits do not present a genuine issue of fact.

In support of its motion defendant submits an affidavit by an officer which de-

1. D.C., 26 F.R.D. 145.

2. D.C., 185 F.Supp. 673.

scribes Central's services in the Brooklyn area in prior years at the Wallabout station and also by tractor-trailer service and which includes its tariff schedules for the trucking service to be extended to the new freight depot. The last paragraph of this affidavit reads as follows:

"There has been no capital expenditure as such by the New York Central in establishing the station facility at the Jay Street location. The lease of necessary facilities and the expense of personnel does not exceed a sum of $3,000.00 per year. Although the New York Central incurs the expense of trucking to and from the Jay Street Station, that expense, together with the expense of maintaining the facility and personnel thereat, results in total costs which are no greater than the amounts paid to the now defunct Jay Street Connecting Railroad in the form of divisions of revenue for providing the same or similar services to its patrons at Jay Street."

In their answering affidavits plaintiffs state, among other things which are irrelevant, that they do not know the amount of Central's capital expenditures nor the expenses of maintaining the facilities at the Jay Street depot. Although this action was commenced in June, 1960 and motions for summary judgment were made in October, 1960 and June, 1961, plaintiffs have apparently taken no steps to ascertain by deposition and discovery the actual state of facts. Their statement in answer to the above quoted portion of the moving affidavit, is at most a denial of information which was discoverable and which under the circumstances presented appears to be evasive. This is not sufficient to prevent the award of a summary judgment. See Cockrell v. A. L. Mechling Barge Lines, Inc., D.C.Tex. 1961, 192 F.Supp. 622; Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469.

Accordingly, defendant's motion for summary judgment is granted.

Settle order within three days upon one day's notice.