Francis J. Donovan, J.
Plaintiff moves for a summary judgment pursuant to CPLR 3213 on an unconditional guarantee of a promissory note. The guarantee itself is labeled “ unconditional guarantee,” and provides that action may be brought against the guarantor without first having proceeded against the maker of the note. It also provides that nothing shall discharge the guarantor from liability except full payment of the note.
Defendant submits no affidavit in opposition. He rests on a memorandum of law which urges that the short procedure provided by 3213 is not available because a guarantee is not an “ instrument for the payment of money only.” Counsel do not cite, nor has the court itself found, any authority in point.
Sherry Ice Cream v, Kroggel (42 Misc 2d 21) does, however, indicate that the new statute must be given a practical construction. In Alder v. Bloomingdale (1 Duer 601, 602) it was held that an action against the indorser of a note was not an action on “ an instrument for the payment of money only.” While the case is of ancient vintage, nevertheless the court’s reasoning is helpful in resolving the present controversy.
The court based its finding on the fact that the indorser’s liability was conditional and depended upon proof of facts outside the instrument itself.
By contrast, in the present case, the guarantor’s obligation is unconditional and no proof outside the instrument is required.
It is the opinion of this court that an action on an unconditional guarantee of a promissory note is an action on an instrument for the payment of money only.
The motion for summary judgment is granted.