CLARA R. BAKER, Plaintiff, *v.* JOSEPH A. GUNDERMANN et al., Defendants.

Supreme Court, Special Term, Nassau County, December 16, 1966.

*Andromidas, McKnight, Pratt, Caemmerer & Pitcher* for plaintiff. *Warburton, Hyman, Deeley & Connolly* for Joseph A. Gundermann and another, defendants. *F. Stuart Keene,* defendant in person.

THEODORE VELSOR, J. In this action to recover upon two written instruments, plaintiff moves for summary judgment pursuant to CPLR 3213 in lieu of a formal complaint.

Initially it is incumbent upon this court to determine whether the writings alluded to come within the purview of the statute (CPLR 3213), permitting the motion papers, in lieu of a com-

plaint, to accompany the summons when, in the words of the cited statute "an action is based upon a * * * instrument for the payment of money *only*". (Emphasis supplied.)

The first of such subject instruments is in the form of a letter sworn to before a notary and listing certain stock in the margins. The body of the letter reads as follows:

"Dear Clara.

"In consideration of your loan to Gundermann, Keene and Gundermann of certain stock certificates listed herein, we agree to hold ourselves jointly and individually liable for their safe return or restitution to you.

"The following conditions shall apply:

"(1) The period of the loan is for three years from date.

"(2) You have the right to demand the return of the said certificates at the end of one year provided you give sixty-day prior notice of such intention.

"(3) One third of the herein listed certificates shall be available to you at the end of one year, two-thirds at the end of two years, and the balance at the end of three years."

The letter is signed by the individual defendants.

In the opinion of this court the instrument outlined above is not one for the payment of money *only*. If instead of stock certificates, horses, corn or any other commodity were stated, there would be no question that the nature of the instrument was a guarantee that *either* the commodity would be returned or the value thereof paid. It was in effect a simple bailment with provision for payment for the article bailed if the bailment were breached. It being conditioned on the lapse or breach of the bailment it is not one for the payment of money only. Hence, insofar as the claim is based on this writing, the procedure of CPLR 3213 is not authorized, and the motion as it affects this instrument, must be denied.

The second writing is also in the form of a letter addressed to the plaintiff and reads as follows:

"This is to certify and attest to the fact that Gundermann, Keene & Gundermann, F. Stuart Keene, Joseph A. Gundermann, Joseph A. Gundermann, Jr., have this day received fifteen thousand ($15,000) Dollars for a period of one year, renewable at the option of *both* parties. The rate of interest for this loan shall be calculated at the rate of four per cent (4%) per annum."

The letter is signed by the defendants.

In the opinion of this court this second of the two instruments constitutes an instrument for the payment of money only, and comes within the ambit of CPLR 3213. While the instrument is in part in the form of a receipt, it speaks of the money referred

to as a loan and provides for its renewal, repayment and rate of interest. The instrument under consideration does not have to be a negotiable one (*Channel Excavators* v. *Amato Trucking Corp.*, 48 Misc 2d 429; *Louis Sherry Ice Cream Co.* v. *Kroggel*, 42 Misc 2d 21). In the *Louis Sherry* case (*supra*) the court entertained an application for summary judgment under CPLR 3213 on a customer's loan receipt payable on demand. This is not inapposite to the writing under consideration. Hence the second instrument is properly considered under CPLR 3213.

Addressing ourselves then to the merits of the application, insofar as the second instrument is concerned, it is the contention of the defendants Gundermann that the defendant Keene, the son-in-law of plaintiff, assumed the obligation to repay the $15,000 and that the plaintiff knew of this assumption.

This defense of assumption must fall. There is nothing adduced to indicate that plaintiff intended to or did release the defendants, Gundermann, from their obligation to repay the sum of $15,000. They remained liable on such obligation, absent a novation indicating such intent to release them, or a release in fact.

It appearing that no triable issue is presented by the defendants with respect to their liability for the $15,000 item, partial summary judgment is awarded plaintiff against the defendants in the sum of $15,000 with interest thereon at the rate of 4% per annum from October 1, 1964 to September 30, 1965 and with interest at the rate of 6% per annum from October 1, 1965. The action is severed as to the cause based on the instrument dated November 9, 1962, and the plaintiff is directed, within 20 days from the date of entry of the order to be entered hereon, to serve a formal complaint based thereon.