**John A. ERICKSON, Carl Koopman and John B. Robinson, Plaintiffs,**

v.

**Boris SAID, Jr., Defendant.**

**No. 65 Civ. 347.**

United States District Court
S. D. New York.
March 28, 1967.

CANNELLA, District Judge.

Plaintiffs' motion, pursuant to Fed. R.Civ.P. 56 for summary judgment, is granted.

On February 24, 1961, in an action based on a promissory note, the Circuit Court of the Eleventh Judicial Circuit of Florida, a court of general jurisdiction, entered a default judgment in favor of the plaintiffs herein and against the defendant herein for $33,835.25, with interest computed at the rate of six per cent per annum until paid.

On February 3, 1965, a suit was commenced in this District to enforce the default judgment obtained in Florida, and on December 1, 1966 the instant motion for summary judgment was filed.

Out of the plaintiffs' motion for summary judgment there has emerged a single question for this court; or to state it differently, does the material in the defendant's answering affidavit, filed at or prior to the hearing on the motion for summary judgment, create a genuine issue of any material fact?

The defendant claims that it does. The defendant's position, more specifically, is that as he was not, in fact, served with process in the Florida action, the Florida Circuit Court did not have personal jurisdiction over him and, accordingly could not enter a valid default judgment against him. The defendant bases this argument on the equivocal contention that he does not explicitly remember whether or not he was, in fact, served with process. Defendant's position is well taken for, concededly, in the absence of jurisdiction over the person, a judgment holding a named defendant on a note or other obligation to

pay money is not entitled to full faith and credit in another jurisdiction.[1]

Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C., provides in pertinent part, that

> the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. [Emphasis supplied.]

■ Paragraph (d) of the same Rule similarly speaks of material facts which "are actually and in good faith controverted." This language clearly shows that to defeat summary judgment there must appear an issue of fact not only material, but genuine as well.

As Professor Moore has stated on the subject of summary judgment, in his treatise,[2]

> to defeat a movant who has otherwise sustained his burden * * *, the party opposing the motion must present facts in proper form—conclusions of law will not suffice; and the opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, nor merely suspicious.

Here, the defendant, in opposing the motion for summary judgment, submitted his affidavit averring that he did not "specifically recall being served with the summons and complaint in the Florida action."[3] The defendant did not, however, present any evidence tending to show that he had not been served.

The plaintiffs, on the other hand, submitted with their motion papers a copy of the Sheriff's sworn and official certificate of service of the summons and complaint filed in the Florida Circuit Court.[4]

Further, the plaintiffs have submitted a copy of a letter from one James C. Shepherd of Miami, Florida, an attorney who sought from the law firm of Fowler, White, Gillen, Humkey & Trenam, plaintiffs' Florida counsel, an extention of time within which to answer the complaint in the Florida action.[5]

With respect to this letter, the defendant stated that he never spoke to Mr. Shepherd concerning the Florida action, but that he did speak to one Arnold Greenfield, a partner in the firm which employed Mr. Shepherd.[6] The suggestion is compelling that this defendant was aware of the pending Florida action and chose to ignore it.

■ Beyond a peradventure of a doubt, where a plaintiff asserts that process was served in a prior action and a defendant denies it, there may be an issue of fact that cannot be casually brushed aside on a motion for summary judgment.[7]

It is not enough, however, that one opposing a motion merely claims that there

1. Riley v. New York Trust Co., 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885 (1942); Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878); Thompson v. Whitman, 85 U.S. (18 Wall.) 457, 21 L.Ed. 897 (1874).

2. 6 Moore, Federal Practice, 2346, ¶ 56.-15 [3] (2 Ed. 1965).

3. See Affidavit of Boris Said, Jr., page 1, filed in this court on December 19, 1966.

4. See Exhibit B, affixed to the moving papers of the plaintiffs.

5. See Exhibit A, affixed to the moving papers of the plaintiffs.

6. In his own affidavit, counsel for the defendant affirmed that Mr. Shepherd, to the best of his recollection, had never met the defendant and that Mr. Greenfield had requested Mr. Shepherd to seek an extention of time "in order that Mr. Greenfield could discuss the matter with Mr. Said and decide whether or not he wishes to represent Mr. Said in this matter." See affidavit of Eugene E. Russell, page 2, dated December 13, 1966.

7. Gonzales v. Tuttman, 59 F.Supp. 858 (S.D.N.Y.1945); 6 Moore, Federal Practice, 2632–63, ¶ 57.17(52) (2 Ed. 1965). Cf. Sherman v. Kirshman, 369 F.2d 886 (2 Cir. 1966).

is a genuine issue of material fact; there must be an evidentiary basis for the conclusion.

█ Nor is an opposing party, who has no countervailing evidence and who cannot show that any will be available at trial, entitled to a denial of the motion for summary judgment on the basis of a hope that such evidence will develop at the trial. "Although the moving party is unaided by any presumption, when he has clearly established certain facts the particular circumstances of the case may cast a duty to go forward with controverting facts upon the opposing party, so that his failure to discharge this duty will entitle the movant to summary judgment." [8]

█ In the case at bar, the defendant's affidavits do not actually controvert the plaintiffs' claims, but instead claim a mere lack of knowledge. It is nowhere stated that the defendant did not receive the Florida process and, in fact, the defendant could not say that he was not served.[9] Such a position cannot be permitted to be successfully maintained in opposing a motion for summary judgment.

As one court has said, the defendant "cannot take refuge in a cloud of claimed ignorance."[10] Section (e) of Rule 56, moreover, specifically proscribes this position.[11]

The plaintiffs in this case have shown that the defendant was served with process in the Florida action and that in all other respects, the default judgment was properly entered against the defendant.

The defendant, conversely, has failed to produce any evidentiary material which would serve to rebut that of the plaintiffs, or to give any reasonable explanation why such material is not presently available to him. It must, therefor, be concluded that there is no genuine issue of material fact as to the default judgment between the parties.

Accordingly, this motion is granted. Submit order on notice.

---

8. See 6 Moore, Federal Practice, 2345, ¶ 56.15 [3] (2 Ed. 1965).

9. At one point during his examination on March 15, 1966, the defendant stated that he was not denying service of the summons and complaint, but that he just did not remember the circumstances. See Deposition of Boris Said, Jr., pp. 24–25.

10. Belinsky v. Twentieth Restaurant, Inc., 207 F.Supp. 412, 413–414 (S.D.N.Y. 1962); see also, Boyce v. Merchants Fire

Ins. Co., 204 F.Supp. 311 (D.C.Conn. 1962).

11. Fed.R.Civ.P. 56(e) provides, in pertinent part, that "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."