Anthony M. Liyoti, J.
This is a motion made by the plaintiff for an order to renew and for leave to reargue plaintiff’s previous motion for summary judgment in lieu of complaint pursuant to CPLR 3213 upon the grounds that the action is based upon (1) an “instrument for payment of money only” and (2) that while the original motion was pending in this court and on January 8, 1968, the defendant commenced an action in Supreme Court, County of Nassau, against Round Tree Estates, Inc. and the plaintiff herein as defendants therein based upon Exhibit “ 2 ” attached to defendant’s answering affidavit on the original motion herein alleging a counterclaim against the plaintiff.
The question before this court on the instant motion to renew is whether the court had knowledge that the said action herein-above described was commenced on January 8, 1968 in Supreme Court, Nassau County, prior to this court’s determination made on January 16, 1968 herein. The question is answered in the negative.
CPLR 3213 is a new section intended “ to provide a speedy and effective means of securing a judgment on claims presumptively meritorious ” (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3213.01).
The Legislature has established the following principle of construction, effective September 1, 1963: 11 The civil practice law and rules shall be liberally construed to secure the just, *552 speedy and inexpensive determination of each civil judicial proceeding ” (CPLR 104). It is intended to produce a beneficial effect for disposition of classic cases which heretofore would be denied this remedy of a more simple, direct and time and expense saving procedure. (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3213, p. 817). CPLR 3213 states, in part, “ When an action is based upon a judgment or instrument for the payment .of money only, the plaintiff may serve with the summons a notice for summary judgment and the supporting papers in lieu of a complaint.” (Emphasis supplied.)
The plaintiff served a summons with a notice of motion for summary judgment with a supporting affidavit and exhibit consisting of a contract entered into by and between plaintiff and defendant on February 1,1967 and statement showing a balance due plaintiff of $11,554.50 from the defendant for snow removal equipment with operator supplied to defendant.
The present motion concerns a contract between plaintiff and defendant entered into February 1, 1967 wherein the plaintiff agreed to supply certain itemized heavy snow removal equipment with operator upon 24-hour notice at John F. Kennedy International Airport for defendant. The defendant was ¡declared low bidder by the New York Port Authority on snow removal contract for 1966-1967 season at said airport. The .parts of the contract pertinent to this motion are as follows: “agreed between the parties that the Second Party (plaintiff) .herein shall be paid by the First Party (defendant) herein as rental for the aforesaid equipment the amounts that shall have been paid by the Port Authority of New York to the First Party for each of said vehicles under the aforesaid Snow Bemoval Contract for the 1966-1967 season. Said amounts shall be payable to the Second Party when received by First Party from Port Authority of New York.” (Emphasis supplied.)
The plaintiff claims that pursuant to the terms of the contract .and the statement, Exhibit “ A ” attached to the moving affidavit, defendant in June, 1967 received $11,564.50 from the New York Port Authority which sum defendant was required to turn over to the plaintiff. The defendant failed to deny in its answering papers that the sum of $11,554.50 is now due and owing to the plaintiff by defendant; and that defendant received said $11,554.50 from the New York Port Authority.
It appears uncontroverted that defendant is in fact indebted to the plaintiff, pursuant to. the written ‘ ‘ instrument for payment of money only,” in the sum of $11,554.50, and that the primary object of the agreement was to assure the plaintiff of the payment of such money. The defendant does not deny that *553 it had received the said money from the Port Authority of New York nor that defendant was obligated, under the terms of the agreement, to turn said money over to the plaintiff. Therefore, the question before this court is whether the above-quoted part of the agreement comes within the purview of CPLR 3213, as to the meaning of the phrase “ instrument for the payment of money only.”
In Kratzenstein v. Lehman (19 App. Div. 228, 230) the enunciation of such phrase was: “ Whenever it shall appear that the primary object of any instrument was to assure to any person the payment of a certain sum of money upon a consideration .that is no longer executory as to him, and where the only thing ,to be done to complete the contract is to pay the money for which the paper was primarily made, that, we think, may be said ,to be an instrument for the payment of money under the provisions of this subdivision. In one sense every contract upon a consideration to be paid may be an instrument for the payment ,of money, if the consideration is money to be paid by one party to another.” (Emphasis supplied.)
The defendant argues that plaintiff may not succeed by commencing this action by way of a notice of motion in lieu of a complaint pursuant to CPLR 3213 because 11 the instrument for the payment of money only ” described in that section must be a negotiable instrument. Had the Legislature intended to limit the application of this section to ‘ ‘ negotiable instruments ’ ’ only, it could have done, so by so stating. (Louis Sherry Ice Cream Co. v. Kroggel, 42 Misc 2d 21; Business Capital Corp. v. Premier Albums, 29 A D 2d 522; Paul v. Weiss, 48 Misc 2d 683, 686, affd. 24 A D 2d 1054; Channel Excavators v. Amato Trucking Corp., 48 Misc 2d 429, 430; Winter v. Star Factors, N. Y. L. J., May 1, 1964, p. 18, col. 6.)
It is thus obvious that the determination of the action does not depend upon proof of facts outside the instrument itself. The instrument is complete as to amount to be paid and when payment is due to plaintiff. Hence, it is an “ instrument for the payment of money only” within the purview of the said statute.
The defendant by general averments attempts in its answer to raise questions with respect to payment, but fails to raise any genuine issue other than alleging a counterclaim of an unrelated subcontract agreement wherein plaintiff agreed to perform certain excavation work for defendant at Suffolk County in accordance with another agreement entered into by Round Tree Estates, Inc., and defendant which is foreign to the cause of *554 action herein which is attached as Exhibit 2 of defendant’s answering affidavit on the original motion.
The court has examined the papers submitted on this motion and the original motion and finds no merit to the alleged defenses and counterclaim which certainly cannot be stretched to vary the definite terms of the instrument at issue. There is no prohibition against summary judgment where, as here, there is no defense to the cause of action by the assertion of an alleged counterclaim to another, unrelated action raised in an answering affidavit. (Pease & Elliman v. 926 Parle Ave. Corp., 23 A D 2d 361, 362, affd. 17 N Y 2d 890; Berger v. Milberg, 28 A D 2d 978; Business Capital Corp. v. Premier Albums, supra.)
Under the admitted terms of the agreement and the admitted facts, the money is due and owing to the plaintiff (Business Capital Corp. v. Premier Albums, supra).
Accordingly, and upon all of the papers before this court on the instant motion and the original motion, leave for reargument is granted and upon such reargument this court’s memorandum, dated January 16, 1968, is vacated and judgment is granted against the defendant in the sum of $11,554.50.