Leonard L. Fine, J.
The primary and novel issue before the court is whether a separation agreement can serve as the proper basis for a motion for summary judgment in lieu of complaint under CPLR 3213. Such a motion may be brought “ when an action is based upon a judgment or instrument for the payment of money only ”.
Historically, there was no similar procedure in either the Civil Practice Act or in the Rules of Civil Practice, both predecessors of the CPLR. The relief available under the subject section was a pure creation of statutory enactment which became known as CPLR 3213, effective. September 1, 1963. To the extent that 3213 is rooted neither in statutory nor case law precedent, the full impact and ambit of its application continues *378 to undergo judicial testing and review with respect to the scope and range of its domain.
The First Report to the Legislature prior to the enactment of CPLR 3213 indicates that it .was the intention of the framers to provide a speedy and effective means of securing a judgment on claims presumptively meritorious. (See First Preliminary Rep. of Advisory Committee on Practice and Procedure, p. 91; N. Y. Legis. Doc., 1957, No. 6 [b], p. 91.) Unfortunately, there is no specific amplification concerning the legislative intent surrounding the use of the words “instrument for the payment of money only.” Even the later reports to the Legislature up to the eve of the section’s enactment are bare of any directives of intent addressed to the subject words. (See Fifth Report; N. Y. Legis. Doc., 1961, No. 15, p. 492; Sixth Report; N. Y. Legis. Doc., 1962, No. 8, p. 338.)
It would appear, therefore, that the procedure under CPLR 3213 was enacted to provide ostensibly a route which a litigant could pursue toward quick judgment if he could demonstrate a presumptively meritorious action readily definable, and with payment terms that were unequivocal and unconditional. The case law addressed to the subject section has followed generally the tenor and tone of the language of CPLR 3213.
In an early clarification of the section, the Appellate Term, Second Department (in 1964, one year after the section’s enactment) held that the remedy of summary judgment in lieu of a complaint did not lie in an action ‘ ‘ to recover security deposited under the terms of a lease ” (Embassy Inds. v. S M L Corp., 45 Misc 2d 91, 92).
By reason of the Embassy decision, which is a repeatedly-cited authority for the denial of CPLR 3213 relief, it appears unalterably clear that “ security deposited under a lease ” is not an action based upon an 11 instrument for the payment of money only.” The learned court’s holding in the Embassy case (supra) is most sound when one considers that the return of a security deposit under a lease is usually conditioned upon many factors which lie outside of the bare ‘1 security return ’ ’ recital, many of which involve the performance of the terms of the lease by the very litigant seeking the relief. To grant CPLR 3213 relief under such disputed circumstances would indeed provide a huge media through which almost every conceivable action could be brought. Such was not the intent of the legislative authors of the section.
Similarly, CPLR 3213 relief was denied in an action based upon a prepayment clause in a mortgage. (Burnell v. Peoples Sav. Bank, 54 Misc 2d 140.)
*379 So, too, did the Appellate Term, Second Department hold that an escrow agreement was not within the purview of CPLR 3213 (Vanni v. Long Is. City Sav. & Loan Assn., 53 Misc 2d 453).
Applying the same reasoning, the court in Lopez v. Perry (53 Misc 2d 445) held that an instrument calling for the payment of a deposit toward the purchase of real property, which deposit was to be returned in the event the purchasers failed to obtain a mortgage under certain terms, was not such an instrument (see, also, Estate of Silverman, 43 Misc 2d 675).
So too did the court in Signal Plan v. Chase Manhattan Bank (23 A D 2d 636) hold that forged checks paid by a bank were not the proper subject of a CPLR 3213 motion.
More recent Appellate Term, Second Department decisions have similarly held that CPLR 3213 relief would neither be available in an action to recover a payment for a mortgage placement fee in excess of that stipulated in a brokerage commission (Wentz v. Havendale Realty Co., 57 Misc 2d 139 [1968]), nor in an action to recover an escrow deposit under the terms of a contract to purchase a house. (Guele v. Scaiano, 56 Misc 2d 1040 [1968].)
The first “enlargement” of the application of CPLR 3213 appears in Sherry Ice Cream Co. v. Kroggel (42 Misc 2d 21). Here, the court held that a loan receipt, payable on demand, fell within the meaning of CPLR 3213. The gravamen and thrust of the Sherry holding is that the subject “ instrument ” need not be a negotiable one. The Sherry case was cited approvingly in Channel Excavators v. Amato Trucking Corp. (48 Misc 2d 429), although it denied CPLR 3213 relief “ outside the instrument itself”. (See, also, M. Gilston, Inc. v. Ullman, 45 Misc 2d 6; see, also, 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3213.01.)
Although some courts have ‘ ‘ broadened ’ ’ the construction of CPLR 3213, as in the case of holding that a letter agreement (Winter v. Starr Factors, N. Y. L. J., May 1, 1964, p. 18, col. 6) qualified as CPLR 3213 instruments, perhaps the most significant ‘ ‘ enlargement ’ ’ upon the application of CPLR 3213 is to be found in Baker v. Gundermann (52 Misc 2d 639 [1966]). Here, the court held that a letter forwarded to the plaintiff would qualify as an “instrument” under the section. (See, also, Nasti Sand Co. v. Almar Landscaping Corp., 57 Misc 2d 550 [1968].)
An examination of the law review articles addressed to the subject concern themselves mainly with the technical rather than the substantive issues under CPLR 3213 (see 40 St. John’s L. Rev. 303, 339; 41 St. John’s L. Rev. 279, 310; 17 Syracuse *380 L. Rev. 331, 334; 19 Syracuse L. Rev. 501, 502). Perhaps an insight into the evolvement of CPLR 3213 can be found in the motion practices of Virginia wherein an action may be instituted by the filing of a motion for judgment in the clerk’s office in “ all civil actions at law in a court of record seeking a judgment in personam for money only ” (emphasis supplied; Va. Code Ann., Rules of Sup. Ct. of Appeals, rule 3:1). “ This procedure, originally limited to specified actions calling for dispatch, proved highly successful and was continuously expanded. * * * The procedure is available in West Virginia in all contract actions and in actions against a surety. West Va. Code Ann., §§ 4308, 5524 [1955]; [now §§ 45-1-4; 56-2-6]. Kentucky, Mississippi, Missouri, Tennessee and Washington also have provisions for judgment on motion in a limited class of actions.” (Korn and Paley, 42 Cornell L. Q. 483, 492 [1956]; see, also, Fowler, Virginia Notice of Motion Procedure, 24 Va. L. Rev. 711 [1938]; Millar, Three American Ventures in Summary Civil Procedure, 38 Yale L. J. 193, 217 [1928].)
It was this very procedure that must be considered as a most influencing factor in the enactment of CPLR 3213 (see N. Y. Legis. Doc., 1957, No. 6[b], p. 91, notes, supra).
Perhaps the entire key can be found in the comparison of the language employed in the Virginia statute and in the New York statute. For here, one must be impressed by the similarity of the Virginia language ‘ ‘ all civil actions at law in a court of record seeking a judgment in personam for money only ” (emphasis supplied), and the New York language of CPLR 3213, “upon a judgment or instrument for the payment of money only ” (emphasis supplied). As such, does not an exacting appraisal of the historical background of CPLR 3213’s enactment (when the specific language of Virginia and New York is compared) suggest that in view of the liberal application of Virginia’s procedural machinery it was equally intended that so too should CPLR 3213 provide a broad base for those actions that could fall within the intended orbit of CPLR 3213 ?
In addition to the historical development of CPLR 3213, there seems to be a reasonable degree of authority in the application of 3213 to the instant case when one examines CPLR 104, which reads as follows: ‘ ‘ Construction. The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” (Emphasis supplied.)
Does not, in fact, the very language of CPLR 104 “just, speedy and inexpensive ” (emphasis supplied) parallel the tone *381 of the Report of the Temporary Commission on the Courts (which served as the basis for the enactment of CPLR 3213) which in part reads: “It [§ 3213] is intended to provide a speedy and effective means of securing a judgment on claims presumptively meritorious.” (Emphasis supplied.) (N. Y. Legis. Doc., 1957, No. 6[b], p. 91, notes.) Although addressing himself in another context, but equally true here, Professor David D. Siegel writes “ that the very reason for 3213’s permitting this facile motion device to be used to commence the action is that the cause of action has strong presumptive merit.” (McKinney’s Cons. Laws of N. Y„, Supplementary Practice Commentary for use in 1968-1969, under CPLR 3213, p. 284.) Even a strict construction of CPLR 104 would permit a liberal construction of CPLR 3213.
As an exercise in construction, one might argue that the Virginia language deserves a much broader interpretation than that of New York since it recites: “ all civil actions ” as compared to the New York language which merely recites: “an action.” But what, if any, would be the true distinction if in fact the New York statute read: “All civil actions at law” rather than “ an action ”? In either case, the modifying language would still remain “ a judgment or instrument for the payment of money only ”. Obviously, all actions under CPLR 3213 that would qualify under a judgment or an instrument for the payment of money only would indeed fall within the words “ all civil actions.”
The real difficulty lies with the judicial interpretation of “instrument.” Unfortunately, both the CPLR 105 entitled “ Definitions ” and the General Construction Law are bare of any assistance in this area.
With respect to the specific issue before the court, that is, whether a separation agreement may serve as a basis for CPLR 3213 relief, this court has been unable to locate any reported case. In Rowland v. Rowland (N. Y. L. J., Jan. 15, 1965, p. 17, col. 7), plaintiff’s motion for accelerated judgment pursuant to the subject action was denied. It was held that the instrument in question (a separation agreement) was not one “ within the purview of said section ’ ’. Conversely, the court, in Bowling v. Bowling (N. Y. L. J., Jan. 3, 1964, p. 13, col. 2) held that a suit based upon a separation agreement brought for unpaid alimony (as in the instant case) was clearly within the confines of CPLR 3213 relief. As such in the Dowling case, the court, applying CPLR 3213, granted plaintiff’s motion for summary judgment.
*382 Addressing ourselves to the matter before this court, the subject paragraph of the separation agreement reads as follows : 11 fourth : The ‘ Husband ’ shall pay the ‘ Wife ’ for her support and maintenance the sum of Seventy Five Dollars per month until she re-marries. The first payment shall become due and payable on November 15, 1966, and thereafter monthly on the fifteenth day of each and every month following, at the address set forth herein or at such other address as may be designated in writing by the ‘ Wife ’ to the ‘ Husband
Upon a strict analysis of the subject paragraph set forth above, it becomes apparent that the payment terms set forth therein are absolute, specific and unconditional, (other than the termination date of payment which is simultaneous with the remarriage of the plaintiff) and as such, capable of only one construction. If the paragraph could be extracted and considered as a single instrument, or if the total instrument consisted of only the subject paragraph, would there be any doubt of its qualification under CPLR. 3213, even by application of the strictest construction of the statute ?
Do not separation agreements, which by their inherent nature involve in almost every situation provisions for support of a dependent spouse and children, require that degree of speedy and effective justice which the public policy favors ? Should not the activating and initiating machinery of CPLR 3213 be made available as procedural benefits to a dependent wife who suffers by reason of the breach of support payments by a defaulting husband? If a bare commercial letter, devoid of the pressures of speedy enforcement which the public policy mandates with respect to matrimonial matters (as in the instant case) was held to qualify under CPLR 3213, as in the Balter case {supra), why then should not an instrument of the instant kind be as favored?
Certainly, the administration of justice today recognizes the need for speedy and effective assistance in this troubled area, as witness the establishment of Family Courts, conciliatory proceedings and special matrimonial parts in the Supreme Court. Why then should not the benefits of CPLR. 3213 be made available to a separation agreement which would appear to fall completely within the atmosphere of 3213 relief? For here, the payment terms are clear and the plaintiff has demonstrated a presumptively meritorious action which mandates a quick judgment. Hence, in this context, the basic purport and intention of CPLR 3213 is fulfilled. What, if any, bona fide prejudice can the defendant claim if the relief under 3213 is *383 made available to the plaintiff, since if there is a real defense to the action, the motion would be denied? Conversely, if there was no meritorious defense, would not the relief sought be mandated by reason of the circumstances of this action?
It is in the atmosphere of this case that this court holds that CPLR 3213 is the proper basis for the procedure sought by this plaintiff in this proceeding. By this construction of the section this court does not mean to enlarge the availability of CPLR 3213, nor does this court enlarge the meaning of said section, but the court does give a construction to CPLR 3213 which is compatible with the legislative intent of the framers of the section, as well as the tenor and tone of some of the prior decisions addressed to the subject section.
With respect to the merits on the motion, the court finds that the defendant fails to raise any meritorious issue of fact which would nullify the relief sought by the plaintiff herein. There is, however, a question concerning the amount of payments due and actually unpaid by the defendant, and to that extent the court grants summary judgment and directs that this matter be set down for a hearing on an assessment of damages.