ISTITUTO PER LO SVILUPPO ECON-OMICO DELL' ITALIA MERIDION-ALE, Plaintiff,

v.

SPERTI PRODUCTS, INC., Defendant.

No. 68 Civ. 4667.

United States District Court
S. D. New York.

July 10, 1969.

Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, for plaintiff; Edward Costikyan, New York City, of counsel.

Chadbourne, Park, Whiteside & Wolff, New York City, for defendant; Edward R. Neaher, Edw. C. McLean, Jr., and Neal J. Morse, New York City, of counsel.

EDELSTEIN, District Judge.

## OPINION

This action was brought on a guarantee made by the defendant, an Ohio corporation, in 1965 of 26 percent of a loan which the plaintiff, an agency of the Italian Government, granted to an Italian company named Societa Azionaria Conservazione Alimenti Freschi (SACAF). The action, for the amount of defendant's guarantee, was commenced in New York Supreme Court by service on the defendant of a notice of motion for summary judgment in lieu of complaint, a device allowed in certain cases by CPLR § 3213. Subsequently, but prior to the return date of plaintiff's motion, the

defendant removed the action to this court, there being diversity of citizenship and an amount in controversy in excess of the requisite jurisdictional amount.

Now in the district court the plaintiff urges that its Supreme Court motion for summary judgment is a viable one and appropriate for decision "awaiting only defendant's answering papers and argument." The defendant opposes this position and has also cross-moved under Rule 56(f), F.R.Civ.P. for a denial without prejudice of plaintiff's motion, or, in the alternative, for a continuance of said motion for 120 days to permit the defendant to complete discovery. These matters are before this court for decision.

At the outset the defendant raises two procedural objections: First, this court cannot proceed on the motion for summary judgment because the plaintiff has not filed a complaint in the district court; and, second, this action is not one that properly could have been brought under CPLR § 3213.

 After defendant effected removal of this case, plaintiff noticed its motion for summary judgment but without first filing a complaint in this court. Defendant contends that plaintiff's motion cannot be considered since no complaint was filed. This court does not agree. The accelerated summary judgment procedure under which plaintiff commenced this action in state court[1] does not require the filing of a complaint in order for the case to proceed to judgment. A federal court to which a state action is removed takes the action in the posture in which it existed when removed from a state court's jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal. Thus, in Butner

v. Neustadter, 324 F.2d 783 (9th Cir. 1963), it was held that the removal of a case *per se*, as a matter of law, did not supersede a default judgment validly entered in the state court. Also, in Bramwell v. Owen, 276 F. 36 (D.Or.1921), the case was removed after the state court had granted a motion to reargue and the reargument then was heard in the federal court. See also Gillum v. Skelly Oil Co., 149 F.Supp. 588 (W.D. Mo.1957), in which removal from the state court occurred after the plaintiff rested at trial and the federal court considered the defendant's motion for a directed verdict based on the record of the state court proceeding, and Talley v. American Bakeries Co., 15 F.R.D. 391 (E.D.Tenn.1954), in which it was held that a demand for a jury trial in the state court made prior to removal did not have to be renewed after removal to the federal court. Thus in the instant case the federal court can consider the motion for summary judgment even though no complaint was filed because the motion for summary judgment was in the state court and had been filed there in lieu of a complaint pursuant to CPLR § 3213.

 Defendant urges this court to order the plaintiff nevertheless to file a complaint. While this court has the power to order a repleading if it deems that step necessary, Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 452, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943), Rule 81(c), F.R.Civ.P., in this case the filing of a complaint would serve no very useful purpose.

 Only pleadings filed subsequent to removal must conform to the requirements of the federal rules. Wild v. Knudsen, 1 F.R.D. 646 (E.D.Tenn. 1941); Geist v. Prudential Ins. Co. of

---

1. CPLR § 3213 provides in part that "When an action is based upon a judgment or instrument for the payment of money only, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint * * *. If the motion is denied, the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise."

America, 35 F.Supp. 790 (E.D.Pa.1940). Generally, a plaintiff in a removed action is not required to refile or revise old pleadings, nor is he required to file new pleadings, Talley v. American Bakeries Co., *supra*, and the courts, by determining what is to be gained by requiring further papers, have taken a realistic approach to the question of whether or not supplemental papers should be required in a given case. For example, in Madron v. Thomas, 38 F.R.D. 177 (E.D. Tenn.1965), an action for alienation of affections, suit was commenced in state court by service of a summons—no other pleading was filed. After removal the defendant moved to have plaintiff replead. But because the summons itself briefly set out the outlines and demand of plaintiff's action, the court there held that the filing of a complaint was unnecessary. *Accord*, Murphy v. E. I. du Pont de Nemours & Co., 26 F.Supp. 999 (W.D.Pa.1939) (a "statement of claim" held to suffice in lieu of a complaint). Similarly, in Automatic Radio Mfg. Co., Inc. v. National Carbon Co., Inc., 35 F.Supp. 454 (D.Mass.1940), the defendant moved after removal to have the plaintiff separately number the paragraphs of the complaint in compliance with Rule 10(b), F.R.Civ.P. Separately numbered paragraphs were not required by the applicable state pleading practice and the court in its discretion denied the defendant's motion. Finally, this same realistic approach was employed in a slightly different but analogous context in Riehl v. National Mutual Insurance Co., 374 F.2d 739 (7th Cir. 1967). There the petition for removal did not meet all of the requirements of the removal statute, 28 U.S.C. § 1446(a), in that it failed to include a copy of the complaint filed in the state court. In fact, a complaint was not filed in the case in the federal court until after the trial had been concluded. The court nevertheless refused to hold that the district court lacked the power to try the case. A companion case to *Riehl* had been removed, consolidated with that case and tried at the same time. The complaint in the companion case had been filed in the district court. That complaint was substantially identical with the *Riehl* complaint. Thus, the *Riehl* omission was considered a minor irregularity because all of the parties as well as the district court knew the issues to be tried; the notice purpose underlying the requirements of the removal statute had thus been fully served.

In arguing that a complaint must be filed in the case at bar the defendant attempts to distinguish the above cases by arguing that in each there was some form of pleading present, whereas in the case at bar there is none. But the key factor in all of these cases is that the defendant had been given actual notice of the nature of the plaintiff's claim which enabled the defendant to answer. This fully comports with the modern objective of pleadings which is to give "A generalized summary of the case that affords fair notice * * *"[2] to all concerned.

Defendant has never argued that plaintiff's moving papers have not informed it fully of the nature and basis of plaintiff's action. Indeed, the papers (including at this point answers to interrogatories) submitted by plaintiff have supplied the defendant with more details than it could possibly hope to obtain from a formal complaint.[3] Defendant is fully able to raise any objections and defenses to this motion that it may have. Nothing more could be gained from a formal complaint. Thus, to uphold defendant's objection regarding the lack of a formal complaint in this case would be an obeisance to form over substance.

Defendant's second procedural objection is that even if a complaint is

2. 2A Moore's Federal Practice ¶ 8.03, at 1613 (2d ed. 1968).

3. The nature of the information which the defendant could obtain from a formal complaint is illustrated by the third and sixth forms contained in the Appendix of Forms approved by Rule 84, F.R.Civ.P.

**314**

not otherwise required, plaintiff still would not be entitled to summary judgment at this stage because this action is not one that could have been properly brought under CPLR § 3213. The relevant portions of this section have already been set out.[4] The purpose of this fairly recent provision is to provide an accelerated procedure for obtaining summary judgment in cases in which complaints would be superfluous because the asserted claims are presumptively meritorious.[5] The availability of the procedure is therefore limited only to cases that are "based upon a judgment or instrument for the payment of money only." Whether this action was properly brought under CPLR § 3213 thus depends upon whether the guarantee in issue is an "instrument for the payment of money only." This court finds that it is.

The cases have made it clear that an instrument need not be negotiable in order to serve as the basis of a CPLR § 3213 motion. Rather, the cases indicate that other forms of written agreements may satisfy this section's requirements if they constitute clear, unequivocal, unconditional promises for the payment of money only. For example, in Louis Sherry Ice Cream Co. v. Kroggel, 42 Misc.2d 21, 245 N.Y.S.2d 755 (Sup.Ct.1963), accelerated summary judgment was granted upon a customer's loan receipt executed by the defendant which was to become payable on demand upon delivery of certain equipment by the plaintiff. More recently, in Mike Nasti Sand Co. v. Al-

mar Landscaping Corp., 57 Misc.2d 550, 293 N.Y.S.2d 220 (Sup.Ct.1968), a CPLR § 3213 motion was granted on the basis of a contract for the lease of snow removal equipment. There the defendant had agreed to pay, as rent, money which it received for the equipment from the Port Authority of New York. Granting the motion, the court found that the instrument, the contract, was complete as to the amount to be paid, and as to when payment was due. Baker v. Gundermann, 52 Misc.2d 639, 276 N.Y.S.2d 495, (Sup. Ct.1966) (promise to pay found in a letter), and Orenstein v. Orenstein, 58 Misc. 2d 377, 295 N.Y.S.2d 116 (Civ.Ct.1968) (promise to pay found in a separation agreement) are two other cases in which accelerated summary judgment under CPLR § 3213 was granted on the basis of non-negotiable instruments.

Many cases have been cited by the parties in which the propriety of basing a CPLR § 3213 motion upon a guarantee was at issue. No hard and fast rule, however, can be distilled from these brief, and, except for one, unreported opinions. Suffice it to say, the courts have reached decisions on both sides of the issue.[6]

■ The court will now turn to the guarantee itself, which, in relevant part, reads as follows:

The undersigned, E. L. Dittrich, as President of Sperti Products, Inc. * * * in the name and on behalf of such corporation, hereby * * * guarantees, for such corporation and

4. See Footnote 1, *supra*.

5. Weinstein, Korn, Miller, New York Civil Practice, ¶ 3213.01 (rev. ed. 1968).

6. The cases upholding the propriety of the CPLR § 3213 motion are: M. Gilston, Inc. v. Ullman, 45 Misc.2d 6, 255 N.Y.S.2d 747 (Dist.Ct.1965); Chelsea Nat. Bank v. Robert D. Weinbach Productions, Inc., N.Y.L.J. October 15, 1968, p. 2, col. 1 (Sup.Ct.N.Y.Co.); and, Anglo Paper Products, Ltd. v. Hygrade Packaging Corp., N.Y.L.J., October 7, 1968, p. 2, col. 1 (Sup.Ct.N.Y.Co.). The cases deciding against the propriety of the motion

are: Rhodia, Inc. v. Wartski Steel, N.Y. L.J., December 11, 1968, p. 4, col. 5 (Sup. Ct.N.Y.Co.); Long Island Trust Co. v. Orland, N.Y.L.J. July 8, 1968, p. 12, col. 5 (Sup.Ct.Nassau Co.); Revere Factors Corp. v. Waldman, N.Y.L.J., June 11, 1968, p. 2, col. 4 (Sup.Ct.N.Y.Co.); Seaman-Andwall Corp. v. Wright Machine Corp., N.Y.L.J. January 4, 1968, p. 16, col. 7 (Sup.Ct.N.Y.Co.); Emhart Corp. v. Lokietz, N.Y.L.J. May 20, 1966, p. 17, col. 1 (Sup.Ct.N.Y.Co.); and, Coastal Kingston Associates v. Avien, Inc., N.Y. L.J., October 19, 1964, p. 17, col. 8 (Sup. Ct.N.Y.Co.).

for its successors and assigns for the benefit of * * * S.A.C.A.F. * * * to the said Istituto, the payment of the amount of a lire 500,000,000 loan granted by the said Istituto to the said S.A.C.A.F. pursuant to an agreement dated February 8, 1965. * * * The undersigned accepts all the provisions of the loan contract without exception, and declares that he has full and complete knowledge of the loan contract, having seen and read the same.

This guarantee is limited to 26 per cent of the loan.

The guarantee as above granted, will always remain firm and legally valid, and there will be no need of further participation or declarations by the guaranteeing company, even if Isveimer [plaintiff], following the execution of this contract, grants reductions of the amount loaned or postponements —for any length of time—of the relative dates of the advances as well as changes and postponements for any length of time of the dates of payment and of maturity of some or all the loan installments * * * even by increasing or reducing their number and the consequent variation of their amounts * * * while Isveimer shall have no obligation to give notice of any of the foregoing to the guarantor.

This guarantee is clear and unequivocal. The defendant, by its president, has guaranteed to repay 26 per cent of a loan of a stated amount which the plaintiff made to SACAF. The guarantee clearly states that even if terms are altered, defendant still unconditionally guarantees repayment of the loan.

In some cases, CPLR § 3213 motions have been held improper because the courts have found that a determination of these motions depended upon the proof of facts dehors the instrument itself. E. g., Goodman v. Solow, 27 A.D.2d 920, 279 N.Y.S.2d 377 (1st Dept.1967); Channel Excavators, Inc. v. Amato Trucking Corp., 48 Misc.2d 429, 264 N.Y.

S.2d 987 (Sup.Ct.1965); and see the cases cited in footnote 6, supra. Defendant argues that plaintiff's motion is improper because here too a determination depends upon proof of facts extrinsic to the guarantee itself, to wit, the amount actually loaned by plaintiff, what repayments were made by SACAF, and whether plaintiff did receive or expects to receive repayments of the loan by reason of bankruptcy proceedings in which SACAF was involved in Italy. But facts such as these, the amount loaned, and the extent of the default, must be established in every action based upon a guarantee. If the defendant's position were tenable, then only a very narrow class of guarantees could ever qualify for CPLR § 3213 application.

Furthermore, the need to establish some facts outside the instrument itself has not been fatal in every CPLR § 3213 case. Koegel v. Birnbaum, 19 N.Y.2d 896, 281 N.Y.S.2d 89, 227 N.E.2d 887, aff'g 27 A.D.2d 653, 278 N.Y.S.2d 177 (1st Dept.1967), was an action on a promissory note in which a CPLR § 3213 motion was granted even though the plaintiff had to establish, aside from the note, delivery of stock and the execution of a release. Paul v. Weiss, 48 Misc.2d 683, 265 N.Y.S.2d 687 (Sup.Ct.), aff'd, 24 A.D.2d 1054, 265 N.Y.S.2d 625 (3rd Dept.1965) was also an action on a promissory note and here a CPLR § 3213 motion was granted even though the plaintiff showed that he was owed less than the face amount of the note. In Mike Nasti Sand Co. v. Almar Landscaping Corp., supra, and in Orenstein v. Orenstein, supra, the motion was also granted even though the precise amounts owed had to be demonstrated, and in Baker v. Gundermann, supra, the motion was granted even though non-payment by the defendants had to be established.

Upon final analysis, it must be emphasized that the sole purpose for which the guarantee in issue was executed was to insure the repayment of a sum of money only. If § 3213 can ever be applied

to instruments that are not negotiable, it should be applied to this kind of instrument.

Finally, the defendant seeks to distinguish this case from other cases in which CPLR § 3213 actions have been upheld. Defendant states that a jurisdictional issue exists with respect to this court's jurisdiction over the person of the defendant, and hence permission to proceed by employing the accelerated procedure would be in deprivation of defendant's right to investigate jurisdictional facts and to plead lack of jurisdiction as an affirmative defense. This argument would appear to be better suited to the merits rather than to the use of CPLR § 3213.

■■■■■ On the merits federal standards must be applied in deciding whether summary judgment should be granted here. Champion Brick Co. of Baltimore County v. Signode Corp., 263 F.Supp. 387 (D.Md.1967); Somers Construction Co. v. Board of Education, 198 F.Supp. 732 (D.N.J.1961). Citing Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), plaintiff, however, contends that New York law governs because this is an action based on diversity of citizenship and because application of New York law instead of federal law might significantly affect the outcome of this action. But even agreeing that plaintiffs' view of the possible effect of the application of New York law on the outcome of this action is correct, it nevertheless does not follow that New York law must be applied. In any case in which the applicability of the *Erie* rule is an issue, outcome analysis cannot serve as a talisman, but rather is only one factor to be considered when measuring a particular issue against the policies underlying the *Erie* decision. Hanna v. Plumer, 380 U.S. 460, 466–468, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). More importantly, with regard to the case at bar, even correct *Erie* anal-

ysis itself is not dispositive. Grants of summary judgment are controlled by the provisions of Rule 56 F.R.Civ.P., and whenever a conflict arises in a federal court between a federal rule and state civil practice, the federal court is constrained to follow the federal rule unless that rule is itself invalid. Hanna v. Plumer, *supra*.

Returning to the facts, in the case at bar plaintiff seeks summary judgment based upon a guarantee of 26 percent of a loan, which guarantee was given by defendant in plaintiff's favor. The loan that was guaranteed was granted by plaintiff in Italy in 1965 for the purpose of aiding the development of SACAF's operations in the southern part of the country. Prior to this, in 1963, defendant had assumed the responsibility of managing and operating SACAF and had acquired since that time a 26 percent interest in SACAF as well.

■■■■■ The burden is on plaintiff to establish that there are no genuine issues as to any material fact and that it is entitled to judgment in this action as a matter of law. In support of its motion, plaintiff has submitted a copy of the guarantee upon which this suit is based and the loan agreement which was the subject of the guarantee. The affidavits and other documents which also have been submitted establish that plaintiff actually paid out 498,400,000 lire of the 500,000,000 lire which it had agreed to loan, that SACAF defaulted on this loan on June 30, 1967, and that plaintiff has not received any payments on account of its loan.

■■■■■ In spite of these submissions, defendant has asserted that there are genuine triable issues as to whether defendant actually executed the guarantee, as to whether plaintiff ever made payments pursuant to the loan to SACAF, as to whether there was a default, and as to whether plaintiff did receive payments on account of the loan. The defendant, however, in effect, admits that the signa-

ture on the guarantee, which purports to be the signature of the then president of defendant, is genuine. As to the rest, the defendant has failed to come forward with any evidentiary material which contradicts the submissions of the plaintiff. While it is true that the initial burden in a motion for summary judgment is on the movant, if the movant supports his position then the respondent must come forward with specific materials of his own to show that there are genuine triable issues of material fact, or he must demonstrate why he cannot do so. *E. g.*, Dressler v. M. V. Sandpiper, 331 F.2d 130 (2d Cir. 1964); United States v. Spice 'N Nice, Inc., 262 F.Supp. 627 (S.D.N.Y. 1967); Erickson v. Said, 42 F.R.D. 170, 171 (S.D.N.Y.1967); 6 Moore's Federal Practice ¶ 56.15(3) (2d ed. 1968).

■ In this case, both as a defense to plaintiff's motion and as the basis for its own Rule 56(f) motion, the defendant claims that it is unable at this time to marshal evidence in opposition to plaintiff because it requires time to engage in further discovery. Defendant's claim of ignorance, essentially, is based on the fact that an entirely new management took over its operations in June 1967, after the guarantee had been given, and that until this suit was commenced, this new management was unaware of the relevant transactions. Defendant's claim, however, simply does not withstand examination. This action was commenced in state court in October 1968. Argument on these motions was not heard until February 1969, and the parties were accorded an additional month after that in which to make further submissions to the court. Throughout this period of almost six months, defendant failed to take full advantage of the fact that some of the members of the prior management team that engaged in the relevant transactions on its behalf were available here in New York. Also the individual who signed the guarantee itself was available in Florida, but apparently he was consulted only with regard to the genuineness of his signature. Plaintiff has furnished defendant with answers to a set of interrogatories relating to the issues raised by the defendant, but defendant nevertheless argues that plaintiff has impeded defendant's investigation by delaying the examination of plaintiff's president. Regardless of who was at fault as to that, the fact remains that the defendant has not made full use of the opportunities open to it to obtain whatever additional information it required substantively to oppose plaintiff's motion. Moreover, this court is not persuaded that in any event any more useful data as to defendant's liability could be derived from further investigation. A defense of ignorance against a motion for summary judgment, given ample time and opportunity to investigate the matters at issue, is insubstantial. Waldron v. British Petroleum Co., 38 F.R.D. 170 (S.D.N.Y.1965), aff'd Waldron v. Cities Service Co., 361 F.2d 671 (2d Cir. 1966); Belinsky v. Twentieth Restaurant, Inc., 207 F.Supp. 412 (S.D.N.Y.1962); Long Island R. R. Co. v. New York Central R. R. Co., 197 F.Supp. 21, 23 (E.D.N.Y. 1961).

■ Summary judgment, however, cannot be granted at this juncture because there is a triable issue—as to whether this court has *in personam* jurisdiction over the defendant.

Defendant, an Ohio corporation, was served with process in Kentucky, its principal place of business, pursuant to §§ 313 and 302 of the CPLR. Section 313 provides that any party subject to jurisdiction under § 302, the New York long-arm statute, may be served with process outside of New York State. Section 302 in relevant part provides:

"As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administra-

tor, who in person or through an agent:

"1. transacts any business within the state * * *."

Plaintiff contends that defendant is amenable to jurisdiction under § 302 because, in the first instance, the guarantee itself, plaintiff alleges, was executed by defendant in New York, and that the execution of a contract in New York by the defendant is by itself sufficient to satisfy the transaction of business requirement. Plaintiff's allegation as to the place of execution is based entirely on the fact that the notarial certification appearing on the guarantee indentifies the notary as qualified in New York County. But Italian revenue stamps also appear on the guarantee and thus the place of execution cannot be certainly determined from a mere examination of the guarantee. In addition, even if the guarantee was in fact executed by the defendant in New York, it is not clear whether—as a matter of law—execution of a contract in New York without more, as plaintiff argues, is the kind of purposeful activity upon which a state can predicate personal jurisdiction over a non-domiciliary. See Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965). *Compare* United States v. Montreal Trust Co., 358 F.2d 239 (2d Cir.), cert. denied 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966); Agrashell Inc. v. Bernard Sirotta Co., 344 F.2d 583 (2d Cir. 1965); Weinstein, Korn & Miller, New York Civil Practice ¶ 302.06a (1967); *with* Iroquois Gas Corp. v. Collins, 42 Misc.2d 632, 248 N.Y.S.2d 494 (Sup.Ct.1964), aff'd 23 A.D.2d 823, 258 N.Y.S.2d 376

(4th Dept.1965); Patrick Ellam, Inc. v. Nieves, 41 Misc.2d 186, 245 N.Y.S.2d 545 (Sup.Ct.1963). The court need not decide this interesting issue at this time.

Plaintiff also alleges that, aside from the execution of the guarantee in New York, the defendant maintained an office and telephone listing here and that defendant conducted negotiations here relating to the guarantee. Again, however, plaintiff's evidentiary showing is deficient. As proof of the existence of a New York office, plaintiff relies exclusively on the face of the guarantee. It argues that the guarantee is on defendant's letterhead and that the letterhead contains a New York address. Defendant replies that at most the letterhead address referred to the office of its former counsel. As to the allegation regarding the negotiations here, the plaintiff submitted a copy of a letter from defendant's former Chairman of the Board addressed to the Commercial Minister of the Italian Embassy in Washington, D.C. This letter, on a New York letterhead, sought help in expediting SACAF's application to plaintiff for a loan; it does not relate to the guarantee.

Defendant, an Ohio corporation with its principal place of business in Kentucky, guaranteed a loan granted by an Italian agency to an Italian corporation. Bearing this in mind, on the proofs submitted to it, this court cannot find that plaintiff's cause of action arose out of defendant's transaction of business in New York.

Plaintiff's motion for summary judgment is denied without prejudice. Separate discussion of defendant's motion is unnecessary. Defendant's motion under Rule 56(f) F.R.Civ.P. is denied.

So ordered.