Theodore D. Ostrow, J.
Plaintiffs move for summary judgment in lieu of a complaint against the defendants pursuant to CPLR 3213, and the defendants cross-move pursuant to CPLR 305 (subd. c) directing plaintiffs to amend the summons to recite their exact street and house number in the County of Kings wherein they reside and further vacating the service of the summons upon the defendant Catherine Perry.
The plaintiffs’ motion arises out of a contract entered into between the plaintiffs as purchasers and the defendants as sellers for the purchase of defendants’ premises. At the time of the execution of the contract the plaintiffs gave the defendants the sum of $1,200 representing the down payment for the purchase of defendants’ real property. Said contract was conditioned upon the plaintiffs’ obtaining a mortgage commitment, which the plaintiffs claim they could not obtain. The defendants claim that although the plaintiffs were unable to obtain the commitment the purchasers waived their right to cancel the contract pursuant to the terms thereof.
The plaintiffs rely upon CPLR 3213 which is a “ motion for summary judgment * * * in lieu of a complaint.” “ When *446 an action is based upon a judgment or instrument for the payment of money only, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint.” (Italics supplied.)
It is the court’s opinion that the refund of the down payment for the purchase of real property under the contract is not an instrument for the payment of money only.
In an action to recover security deposited under the terms of a lease the remedy of summary judgment in lieu of a complaint was not available. (Embassy Inds. v. S M L Corp., 45 Misc 2d 91.) Also in an action to recover money alleged to have been paid out improperly by a bank upon a check issued by the plaintiff’s decedent, the court held that the motion under CPLR 3213 was not available to plaintiff as same was not based upon an ‘ ‘ instrument for the payment of money only”. (Estate of Silverman v. Manufacturers Hanover Trust Co., 43 Misc 2d 675; see, also, Signal Plan v. Chase Manhattan Bank, 23 A D 2d 636; Channel Excavators v. Amato Trucking Corp., 48 Misc 2d 429.) The motion for summary judgment in lieu of a complaint brought by the plaintiffs is accordingly denied.
The cross motion of the defendants is granted to the extent that the plaintiffs shall amend their summons to recite their exact street and house number in the County of Kings wherein they reside. The plaintiffs shall serve their amended summons and a complaint within 20 days from the date of this order upon the defendant Frank J. Perry, Jr.
Since the defendant Catherine Perry avers that no service of the summons had been made upon her, the branch of the motion to vacate on the ground of nonservice will be held in abeyance pending a hearing on the issue of such service, at a time and place designated in the order which is to be settled on notice.