Bernard Tomson, J.
Plaintiff, a chattel mortgagee, has attempted to bring an action against the mortgagors, utilizing the provisions of CPLR 3213, which authorizes a plaintiff to commence his action by service of a summons with a notice of motion for summary judgment and the supporting papers in lieu of a complaint, when his “ action is based upon a judgment or instrument for the payment of money only”. Plaintiff’s affidavit in this instance recites that the defendants are obligated to him for part of an unpaid purchase price arising out of a sale of an automobile from plaintiff to defendants. Plain *200 tiff has attached an exhibit, which is described as a contract of sale, but which would be more accurately described as a chattel mortgage covering the sale and financing of the automobile involved.
Although this is a matter apparently of first impression, the cases appear to require a holding that an action wherein the plaintiff seeks to recover damages for a breach of a provision of a chattel mortgage, is not based upon an instrument for payment of money only. It has been held that the following similarly are not within the contemplation of CPLR 3213: an action to recover a down payment made in connection with a contract for the purchase of real property (Lopez v. Perry, 53 Misc 2d 445; Guele v. Scaiano, 56 Misc 2d 1040); to recover a security deposit under a lease (Embassy Ind. v. S M L Corp., 45 Misc 2d 91); to recover money allegedly improperly paid by a defendant under a written escrow agreement (Vanni v. Long Is. City Sav. & Loan Assn., 53 Misc 2d 453); to recover money allegedly paid because of economic duress pursuant to a prepayment clause of a mortgage (Burnell v. Peoples Sav. Bank of Yonkers, 54 Misc 2d 140); by a depositor against drawee bank for paying out on a check bearing a forged indorsement, being an action for breach of contract (Signal Plan v. Chase Manhattan Bank, 23 A D 2d 636); and where defendants agreed to return stock certificates or make restitution (Baker v. Gundermann, 52 Misc 2d 639).
The characteristic common to the instruments sued on in the afore-mentioned cases was that in each case it called for something in addition to the payment of money. So too a chattel mortgage calls for a good deal more than the payment of money. Of some interest is Seaman-Andwall Corp. v. Wright Mach. Corp (31 A D 2d 136, 137). There the court said: “ The first question presented is whether this is an action on an instrument for the payment of a sum of money only. We are quite clear that it is. Special Term was of the opinion that, as the note was given as one factor in a transaction embracing other features, proof dehors the instrument must be given. This is not so. It is incontestable that plaintiff would prove a prima facie case by proof of the note and a failure to make the payments called for by its terms. While defenses advanced might raise issues outside the note, that does not change its character as one for the payment of money only. There is nothing in CPLR 3213 which limits its application to notes to which defenses based on extrinsic facts have not been asserted. Even despite such issues, the note itself requires the defendants to make certain payments and nothing else. As such it is an *201 instrument for the payment of money only.” (Emphasis supplied.)
Seaman-Andwall lends itself to the conclusion that CPLR 3213 permits an action on an instrument which requires a party to make payments of money and “ nothing else ” (not so here). (See contra, Orenstein v. Orenstein, 58 Misc 2d 377.)
The papers submitted by the plaintiff on this motion suffer from another defect. The affidavit in support of the motion does not allege any facts as would support a cause of action based on any of the acts enumerated in subdivision (a) of section 404 of the Uniform District Court Act, the District Court’s long-arm statute. The affidavits of service filed with the motion papers indicate that the defendants were both served at places beyond the territorial jurisdiction of this court. Such jurisdictional allegations are required to be set forth in the complaint (in this case the moving papers), where a summons has been served at a place beyond the territorial jurisdiction of this court, else jurisdiction over the person of the defendant served is not obtained. (Fraley v. Desilu Prods., 23 A D 2d 79; Lebensfeld v. Tuch, 43 Misc 2d 919.)
Accordingly, plaintiff’s motion is denied, and, because of the jurisdictional defect, the action is dismissed, without prejudice.