William D. Munro, J.
Defendant delivered a $3,000 check to plaintiffs pursuant to the terms of a contract to purchase a house. Plaintiffs deposited the check and it was returned unpaid by the bank with the notation “ payment stopped ”.
I.
Plaintiffs move for summary judgment pursuant to CPLR 3213 made applicable to the District Court by TJDCA, § 1004. The relevant portion of CPLR 3213 states: 1 ‘ When an action is based upon an instrument for the payment of money * * * the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint ”.
Defendant opposes the motion upon the ground that an action to recover a deposit under the terms of a contract to purchase real property is not within the purview of CPLR 3213. (Guele v. Scaiano, 56 Misc 2d 1040; Burnell v. Peoples Sav. Bank of Yonkers, 54 Misc 2d 140; Vanni v. Long Is. City Sav. & Loan Assn., 53 Misc 2d 453; Lopez v. Perry, 53 Misc 2d 445.) Defendant further states in an affidavit by her attorney that ‘1 there are several defenses to this action which defendant seeks to plead in opposition to the complaint ”.
“ The chracteristic common to the instruments sued on in the afore-mentioned cases was that in each case it called for something in addition to the payment of money. ’ ’ (All-O-Matic Mfg. Corp. v. Shields, 59 Misc 2d 199, 200; see, also, Wagner v. Cornblum, 36 A D 2d 427, 429.) If a prima facie case would be made out by proof of the instrument ‘ ‘ and a failure to make the payments called for by its terms ”, it satisfies CPLR 3213 (Seaman-Andwall Corp. v. Wright Mach. Corp., 31 A D 2d 136, 137, app. dsmd. 28 N Y 2d 716; see, also, Prof. Siegel, McKinney’s Cons. Laws of New York, Book 7B, Practice Commentaries C3213:3) *596 Laws of New York, Book 7B, Practice Commentaries C3213:3) and the fact that defenses advanced may raise issues outside the check, does not deprive it of CPLR 3213 treatment (Seaman-Andwall Corp. v. Wright Mach. Corp., supra, p. 137).
Here, the “ instrument ” is a check (see Uniform Commercial Code, § 3-104, subd. [2], par. [b]) which requires the defendant to make a certain payment on demand upon presentation to the bank. It 1 ‘ requires the defendants to make certain payments and nothing else” (Seaman-Andwall Corp. v. Wright Mach. Corp., supra, p. 137). Furthermore, plaintiff, L & 0 Homes, Inc., has been, and still is ready, willing and able to perform pursuant to the terms of the contract for sale. The court concludes that CPLR 3213 is the proper vehicle for plaintiffs to commence this proceeding.
n.
The CPLR is made applicable to the District Court by virtue of UDCA, § 2102 and CPLR 101. CPLR 3213 states that the return of the motion shall be as provided in CPLR 320 (subd. [a]) for making an appearance. (See the District Court’s limited time period UDCA, §§ 1004, 402.) One method by which a defendant appears is by making a motion which has the effect of extending the time to answer.
Defendant did not, however, formally move (CPLR 2214) to dismiss the action upon the ground that the pleading fails to state a cause of action but instead opposed plaintiff’s motion by affidavit. Plaintiff has served a motion which complied with CPLR 2214 and defendant’s answering papers are returnable on the same day. The CPLR shall be liberally construed (CPLR 104) and the court treats defendant’s opposition to the motion for summary judgment in lieu of complaint as a motion to dismiss (CPLR 3211, subd. [a], par. 7).
Since the court has determined that CPLR 3213 is the proper vehicle to commence this action, defendant’s motion to dismiss is denied. Defendant has 10 days after service of the order denying her motion to dismiss to submit answering papers in opposition to plaintiff’s motion for summary judgment in lieu of complaint (CPLR 3211, par. [f]).
Defendant must submit an affidavit of merits containing evidentiary facts to raise genuine factual issues (see Badische Bank v. Ronel Systems, 36 A D 2d 763; Wagner v. Cornblum, 62 Misc 2d 161, 162, revd. on other grounds 36 A D 2d 427, supra).