John D. 'Capilli, J.
The court is called upon to determine whether an “ order” of the Family Court, County of Nassau, which established that the respondent husband was in arrears to the petitioner wife in the sum of $3,000 can come to the District Court, County of Nassau, to obtain a judgment pursuant to CPLR 3213, to wit: summary judgment in lieu of complaint.
This must be ansiwered in the negative.
'CPLR 3213 is clear and explicit. It states 11 an action * * * based upon an instrument for the payment of money only or upon any judgment ”.
Examining the order of the Family Court, Index No. F1110/73, the court concludes that it merely established arrears in the suin of $3,000 and struck out that portion of the order which granted the petitioner a $3,000 judgment against the respondent and which further directed entry of the judgment by the Clerk of the court.
The Honorable Judge correctly struck the “ judgment ” portion (emphasis added), since under the Family Court Act he had not the power to permit entry of judgment under the facts of the case.
The case at bar does not fall within section 460 of the Family Court Act which states where and under what instances it can enter and docket a money judgment. Section 460 of the Family Court Act first requires that the Family Court comply with a condition precedent, namely, that the court orders and the party defaults in paying any sum of money as required by the order.
Under the stated facts of this motion quite the opposite conclusion is reached.
There is no order of a money judgment with direction for entry by the Clerk of the Family Court. It is not based upon an instrument for the payment of money and it does not comply with the directives of section 460 of the Family Court Act.
What is being asked in the instant case is a request that a judgment ;be entered in this court based upon testimony given at another court without benefit of a duly docketed judgment.
There is no authority in the section cited for this court to grant the relief sought under CPLR 3213; therefore, the motion is denied.