■ NEW ROCHELLE DODGE, INC., Respondent, v BANK OF NEW YORK, Appellant.—In an action to recover the proceeds of an assignment of several retail installment contracts, the defendant appeals from a judgment of the Supreme Court, Westchester County (Beisner, J.), dated October 31, 1985, which granted the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

Ordered that the judgment is affirmed, with costs.

In January 1984, the parties entered into an agreement whereby, from time to time, the plaintiff would assign and the defendant would purchase installment sales contracts and other evidences of indebtedness arising from the plaintiff's business as an automobile dealer. Paragraph 2 of the agreement specifically provided that all contracts thereunder would represent "valid deferred payment obligations of bona fide Purchasers, having legal capacity to contract, to whom we shall have sold goods, services, labor and/or materials, or extended credit, and shall not be subject to any defenses, set-offs or counterclaims". The agreement also provided for the establishment of a reserve account "equal to 1% of the gross outstanding loan balances" with releases to be made to the plaintiff on a monthly basis.

Pursuant to the agreement, the defendant purchased the seven retail installment contracts and security agreements which form the basis for the plaintiff's claim that it was owed $56,818.88. Each contract included a promise to pay, a provision for security interest, the cost and description of the respective vehicle, details of the loan, pledge of collateral and guarantee of payment provisions, and the assignment. The assignments provided, *inter alia,* that if the plaintiff breached its representations under the contract or the purchaser of the vehicle asserted a claim or defense against the plaintiff, the plaintiff would repurchase the contract from the defendant.

With regard to the seven assigned contracts at issue, the defendant has never claimed that any defenses or breaches exist which should have triggered the repurchase provision. On the contrary, in a letter by one of its vice-presidents, dated February 27, 1985, the defendant acknowledged that it had accepted the subject contracts and owed the plaintiff payment for them in the sum of $56,818.88. Rather than tender payment in that amount, however, the defendant asserted a claim based on its unilateral reassignment to the plaintiff of nine unrelated contracts. The defendant asserted that the amount owed to it on the reassigned contracts would be used to offset the sum owing to the plaintiff for the seven contracts which form the basis of this action.

The threshold issue is whether the seven retail installment contracts upon which the plaintiff's claim is predicated qualify for CPLR 3213 treatment. As set forth by the Court of Appeals in *Interman Indus. Prods. v R.S.M. Electron Power* (37 NY2d 151, 155): "The most cogent analysis of the standard to be applied in ascertaining whether an instrument qualifies for CPLR 3213 treatment was enunciated in *Seaman-Andwall Corp. v Wright Mach. Corp.* (31 AD2d 136, affd 29 NY2d 617 * * *) wherein it was stated that if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms, the moving party would be entitled to summary judgment unless the other party came forward with evidentiary proof sufficient to raise an issue as to the defenses to the instrument."

Resort to this expedited procedure has been denied where proof outside the instrument is necessary to establish the underlying obligation or where the subject document, in addition to calling for the payment of a sum of money, also required some other condition or performance *(see, Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19, 21-22, *appeal withdrawn* 61 NY2d 906).

In the instant case, not only do the faces of the instruments require full payment with no other conditions, but the defendant, by its letter of February 27, 1985, acknowledged the debt. Inasmuch as the defendant, despite the written installment contracts which indicate the terms of payment and despite its own acknowledgment of nonpayment, has failed to come forward and raise an issue as to any potential defense, the plaintiff is entitled to summary judgment in lieu of complaint *(see, North Fork Bank & Trust Co. v Cardiff Rose Enters.,* 104 AD2d 932, 933, *appeal dismissed* 64 NY2d 886). The defendant's claims asserted on unrelated matters are relegated to a separate action.

Special Term also acted properly in refusing to recognize the defendant's claim for a setoff based on nine unrelated contracts. These claims are extrinsic to the contracts upon which the plaintiff sued and, as such, do not preclude an award of summary judgment in lieu of complaint in the plaintiff's favor.

In addition to reneging on the subject debt, the defendant refused to make payment of the sum owed to the plaintiff from the reserve account as set forth in paragraph 12 of the master agreement. At the time of the underlying motion, the plaintiff was due the sum of $14,800.99 from said account as per the "Dealer Reserve Statement" sent to the plaintiff. The defendant does not contest this amount. Under the circumstances, the aforesaid statement serves as an implied account stated *(see, Corr v Hoffman,* 256 NY 254). Although the "Dealer Reserve Statement" was not subscribed by the defendant, CPLR 3213 treatment is nevertheless warranted since the master agreement which was subscribed by the defendant, unequivocally provides that the money is payable to the plaintiff from a reserve account. Accordingly, the defendant is also obligated to the plaintiff for sums due and owing from the reserve account. Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.