■ MEAD REINSURANCE CORPORATION, Appellant, v TOWN OF OYSTER BAY, Respondent.—In an action to recover payments due under two insurance contracts and for a declaration of the rights of the parties under those contracts, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated June 22, 1987, as (1) denied the plaintiff's motion for summary judgment and dismissal of a setoff pleaded in the defendant's answer and (2) directed that the action be tried jointly with another action pending between the parties.

Ordered that the order is modified by (1) deleting the provision denying that branch of the plaintiff's motion which was for an order dismissing the setoff and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision which directed a joint trial; as so modified, the order is affirmed, insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment since triable issues of fact exist with respect to the validity of the defendant's claim that the action is untimely under Town Law § 65 (3) (see, *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Under the terms of the insurance policies issued by the plaintiff, the defendant had a continuing duty to reimburse the plaintiff for deductibles advanced to settle claims, giving rise to successive causes of action for the breach of that duty (see, e.g., *Franza's Universal Scrap Metal v Town of Islip,* 89 AD2d 843; *Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68). However, the plaintiff failed to submit proof that any of the deductibles were advanced within the statutory six-month period prior to service of the notice of claim and that the defendant was duly notified of such payments as required under the terms of the policy.

The court erred in denying that branch of the plaintiff's motion which was to dismiss a setoff pleaded in the answer on the ground that identical relief was sought by the defendant in another pending action (see, CPLR 3211 [a] [4]; Barringer v Zgoda, 91 AD2d 811). The defendant sought to offset any judgment awarded in the instant action with amounts allegedly owed by the plaintiff in another action between the parties which involves issues other than the issues contested at bar. Therefore, the defendant will not be prejudiced if the setoff is dismissed (see, New Rochelle Dodge v Bank of N. Y., 127 AD2d 638).

Finally, we find that the Supreme Court abused its discretion in directing a joint trial of this action and the other action between the parties, which involves unrelated claims under a different insurance policy. The defendant failed to offer proof that there are any common issues of law or fact (see, Import Alley v Mid-Island Shopping Plaza, 103 AD2d 797; CPLR 602 [a]). Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.