OPINION OF THE COURT
Harold Baer, Jr., J.
This motion for summary judgment in lieu of complaint (CPLR 3213) is decided as follows:
The parties were divorced pursuant to a 1983 judgment of divorce rendered in the People’s Democratic Republic of Algeria. The judgment included an award of child support.
In 1982, the Family Court, upon agreement of the parties, entered an order of support requiring payment of child support in the sum of $500 per month. Here a Hearing Examiner took sworn testimony; both parties were present with their attorneys; both agreed to the recommendations of the Hearing Examiner, and both consented in writing to the entry of the order of the court. The order was signed by the Honorable Mortimer Getzels on December 12, 1982, a certified copy thereof is attached to the moving papers.
*399 Plaintiff commenced the instant action by service of a summons accompanied with the instant motion for summary judgment contending that the defendant failed to pay the sums due and owing pursuant to said order.
CPLR 3213 provides that a party may seek summary judgment in lieu of service of a complaint where a party is seeking to enforce an instrument for the payment of money only.
It has been held as a matter of law that a Family Court order of support is not an instrument for the payment of money only (Rivara v Rivara, 77 Misc 2d 743 [Dist Ct, Nassau County 1974]).
And too, that a separation agreement which contains terms and covenants other than those relative to the payment of money only does not fall within the purview of the statute (Wagner v Cornblum, 36 AD2d 427 [4th Dept 1971]).
On the fact pattern here, I find this action distinguishable from the aforementioned precedents. The parties have entered into an agreement before a Judge of the Family Court which becáme an order of that court. The agreement sets forth that a sum certain per month would be paid by the defendant former husband to the plaintiff for child support. There are no other conditions or terms set forth in the agreement at issue other than a requirement that the defendant pay a sum certain to the plaintiff for child support.
As such, the court determines that the 1982 Family Court order is in fact an instrument for the payment of money only, and such an instrument can be properly posited pursuant to CPLR 3213 as the basis for an action commenced with a summons and a notice of motion for summary judgment in lieu of complaint (Interman Indus. Prods, v R. S. M. Electron Power, 37 NY2d 151, 155 [1975]).
The defendant has failed to establish or even raise the issue of payment for which enforcement is sought, nor has he raised any other triable issues of fact in his submitted papers. Indeed, while citing a variety of cases for jurisdictional contentions, there is no denial with respect to the husband’s failure to keep his agreement to pay $500 per month. Moreover, the defendant has failed to establish that the court lacks jurisdiction. There appears to have been appropriate service on the part of the plaintiff, and the defendant has been afforded an opportunity to defend the action. Defendant, as previously stated, has not raised any defenses having other *400 than the aforementioned meritless claims of lack of jurisdiction.
In the absence of any triable issues of fact, the court grants summary judgment in favor of the plaintiff (CPLR 3212). The clerk, upon service of a copy of this order with notice of entry, is directed to enter a money judgment in favor of the plaintiffs former wife, Hanifa Mezoui, against defendant, former husband Mokhtar Bentaleb, in the sum of $21,950 together with costs and disbursements, for the arrears in child support.
Cross motion by the defendant for dismissal of the instant application is denied.