OPINION OF THE COURT
Jerome B. Fleischman, J.
Plaintiff has commenced this action by the service of a summons, notice of motion for summary judgment in lieu of a complaint and an affidavit in support thereof, pursuant to CPLR 3213. The basis for this action is an order and determination of the District Rent Administrator of the State of New York Division of Housing and Community Renewal dated October 18, 1989, which awarded plaintiff the sum of $3,654.18 for rent overcharges by the defendant, including treble damages.
The affidavits submitted by defendant in opposition raises several issues of fact as to the determination of the District Rent Administrator. However, it does not appear that any *528 protest was ever filed as provided for by 9 NYCRR 2108.2, and the time to do so has expired. Thus, there can be no judicial review of the order of the District Rent Administrator. (See, 9 NYCRR 2108.13; Rysam Realty Corp. v Heard, 136 NYS2d 855; Matter of 609 Holding Corp. v McGoldrick, 204 Misc 26.)
The only question remaining is whether the order of the District Rent Administrator is "an instrument for the payment of money only or upon a NY judgment”, within the meaning of CPLR 3213. This court could find only two cases which dealt with "orders” as such. Both involved Family Court orders. One case was Rivara v Rivara (77 Misc 2d 743 [1974]), which denied summary judgment under CPLR 3213 because the order merely established arrears of child support, but did not direct payment or the entry of judgment. The other case was Bentaleb v Mezoui (139 Misc 2d 398 [1988]), where the order provided for the payment monthly of a sum certain. There, absent any issue of fact as to payment, the court found that plaintiff was entitled to summary judgment. From the foregoing, the distinguishing factor appears to be whether or not the order in question requires payment of a sum certain.
In the case at bar, the order of the District Rent Administrator specifically states: "Therefore, the landlord-owner is ordered to pay the following to the tenant * * * Three times the amount of the overcharges in rent (not exceeding two years) * * * $3,654.18.”
Furthermore, 9 NYCRR 2506.1 (e) provides that such an order may "be filed and enforced by a tenant in the same manner as a judgment.” „
The purpose of CPLR 3213 is to provide a speedy and effective means of securing a judgment on claims presumptively meritorious. (Interman Indus. Prods. v R.S.M. Electron Power, 37 NY2d 151 [1975]; Shaw v Krebs, 85 AD2d 913 [1981].) In view of the fact that there was a full hearing before the District Rent Administrator which resulted in a finding in favor of the plaintiff, on the merits, directing payment of a specific sum to plaintiff, and which is no longer subject to judicial review, I find that the order involved is an instrument for the payment of money only.
Summary judgment is granted for the plaintiff in the sum of $3,654.18, with interest from October 18, 1989, plus costs.