OPINION OF THE COURT
Joan B. Lefkowitz, J.
In a case of novel impression, plaintiff moves for summary judgment in lieu of complaint (CPLR 3213), on a deed of real property that refers to another document — a declaration of condominium (which has not been submitted to the court) — to recover for proportionate unpaid common charges. There does *869 not appear to be a reported decision on whether a deed may form the basis for a motion under CPLR 3213. (4 Weinstein-Korn-Miller, NY Civ Prac fl 3213.02a.)
The accelerated judgment procedure in CPLR 3213 may be used where "the action is based upon an instrument for payment of money only”. The guiding principle as to whether a document is an instrument for payment of money only depends upon whether a prima facie case is made out by proof of the document. (Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136 [1st Dept 1968], affd 29 NY2d 617 [1971]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:3, at 501-502.) If the instrument constitutes commercial paper under article 3 of the Uniform Commercial Code, it often receives the benefit of section 3213, but otherwise application of the statute is withheld. (Interman Indus. Prods. v R.S.M. Electron Power, 37 NY2d 151, 154-155 [1975]; Siegel, NY Prac § 289 [2d ed].) It has been held that a chattel mortgage is not an instrument for payment of money only (All-O-Matic Mfg. Corp. v Shields, 59 Misc 2d 199 [Dist Ct, Nassau County 1969]) and similar rulings have been made in varied circumstances as to other documents including leases, escrow agreements, guarantees, etc. where proof outside the document sued on was required. (4 Weinstein-Korn-Miller, op. cit., ¶ 3213.02a.)
At bar, the deed does not constitute a promise to pay a specified sum on a specified date and the reference to the "declaration of condominium” is of no aid to plaintiff. Therefore, the deed, which conveyed title to a described unit to defendant, does not constitute an instrument for payment of money only. The motion is denied. The moving papers shall be deemed the complaint and defendant shall serve her answer thereto within 20 days after service of a copy of this order with notice of entry.
The court notes the irony herein of a default by defendant on this motion and the probability that plaintiff will either move for default judgment or for summary judgment, if an answer is timely served, in the future. Nonetheless, the defendant was entitled to assume that the court would examine the document sued upon and determine whether it fit the confines of CPLR 3213.