*542 OPINION OF THE COURT
Martin Shulman, J.
Can an administrative order assessing a fine be deemed an “instrument for the payment of money only” and, therefore, serve as a proper basis for a motion for summary judgment in lieu of complaint (see, CPLR 3213)? This novel issue appears to be one of first impression.
Brief Factual Background
The following undisputed facts are gleaned from plaintiffs’ supporting papers.
1. On March 3, 1997, a New York City Department of Consumer Affairs (DCA or plaintiff) inspector conducted an inspection of a food store which defendant Man-Dell Food Stores, Inc., also known as Mandel Food Store, Inc., doing business as Key Food (Key Food or defendant) owns and operates;
2. The inspector served Key Food with notice of violation No.
WH 57214 (violating Agriculture and Markets Law § 194 [1] “for false indication of the number, quality, weight or measure of a commodity”) (see, Osnos affidavit 4) and a second notice of violation No. IP 5215 (violating Administrative Code of City of NY § 20-708.1 [b] “for failure to item price five [5] or more stock keeping items in a stock keeping unit”) (id., 5);[1]
3. Key Food failed to appear at DCA’s offices for an administrative hearing on April 18, 1997, and said matters were set down for an inquest;
4. Prior thereto, DCA mailed “pleading letters” to enable Key Food to settle these violations of record prior to the scheduled hearing date;
5. At the inquest, the DCA inspector testified to the underlying facts which resulted in these violations of record;
6. On May 19, 1997, an Administrative Law Judge (ALJ) found defendant guilty of violating Administrative Code § 20-708.1 (b) and ordered Key Food to pay DCA a fine of $500;
*543 7. On June 2, 1997, an ALJ found defendant guilty of violating Agriculture and Markets Law § 194 (1) and ordered Key Food to pay DCA a fine of $300;
8. Defendant admittedly never “file[d] appeals of either of the ALJ’s decisions and orders within 30 days pursuant to its rights * * * [6 RCNY] 6-40, nor did it bring any * * * [CPLR article 78] proceeding [seeking judicial review of such administrative orders]” (Osnos affidavit 14);
9. It is also undisputed that Key Food neither responded to DCA’s demand letters nor paid these fines, and the Statute of Limitations within which to commence an article 78 proceeding to review the DCA’s decisions and orders has expired; and
10. DCA’s instant motion seeks accelerated judgment for these fines due and owing.
In opposition to DCA’s motion for summary judgment in lieu of complaint, Key Food largely rests on a purported historic relationship between DCA and Metropolitan Food Council, Inc.[2] (Food Council), and an August 12, 1996 agreement, as amended, to ostensibly resolve these and other violations of record cited against defendants and other similarly situated member stores.
The August 12, 1996 agreement (as modified on Feb. 28, 1997), inter alia, contains the following provisions relevant to the case at bar:
“The agreement herein is in full settlement of all violations outstanding as of December 31, 1996, and any violation outstanding as of that date which is not on the list of outstanding violations shall be deemed waived.
“In the future, DCA shall, upon issuing a Notice of Violation to a member store, provide a copy to the Food Council along with the amount of the assessment in a reasonable fashion * * *
“The Food Council shall, in the future, as DCA provides the Food Council with copies of Notices of Violation and assessments as provided in paragraph ‘5’, make a good faith effort to facilitate payment of all Notices of Violation by member stores in accordance with the assessments.” (Emphasis added.)
A review of Ronald Shubert’s affidavit in opposition reveals that Key Food’s president apparently (albeit, mistakenly) relied on the August 12, 1996 agreement, as amended, and, therefore, *544 believed it was unnecessary to: (1) appear at the scheduled DCA hearing and challenge the merits of these violations; (2) file administrative appeals to possibly revoke the ALJ’s decisions and orders assessing the fines; and/or (3) initiate article 78 proceedings to judicially review what defendant perceives to have been administrative decisions and orders that are arbitrary, capricious and without any rational basis. Not surprisingly, Key Food, for the first time in this action, claims the DCA’s inspectors failed to follow prescribed and proven procedures established for such inspections of weights and measures and item pricing.
Discussion
In the instant action, DCA is moving for summary judgment pursuant to CPLR 3213 predicating the action “upon an instrument for the payment of money only”. To that end, the plaintiff served a summons together with a summary judgment motion (comprised of a notice of motion, an affirmation and documentary evidence) in lieu of a complaint. “CPLR 3213 is intended to provide a speedy and effective means of securing a judgment on claims presumptively meritorious. In the actions to which it applies, ‘a formal complaint is superfluous, and even the delay incident upon waiting for an answer and then moving for summary judgment is needless.’ ” (Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151, 154 [1975].)
For a plaintiff to benefit from the convenience of a motion-action, the plaintiff must facilely show that the instrument is facially incontestable and that the defendant has failed “to make the payments called for by its terms” (Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136 [1st Dept 1968]).
Relevant to this discussion, an “instrument” has been generally defined as “[ajnything reduced to writing, a document of a formal or solemn character, a writing given as a means of affording evidence. A document or writing which gives formal expression to a legal act * * * for the purpose of creating [and] securing * * * a right” (Black’s Law Dictionary 801 [6th ed 1990]). An analysis and succinct summary of the scant legislative history behind CPLR 3213 can be found in Orenstein v Orenstein (58 Misc 2d 377, 378 [Civ Ct, Queens County, 1968] [Finz, J.], revd 59 Misc 2d 565 [App Term, 2d Dept 1969]):
“The First Report to the Legislature prior to the enactment of CPLR 3213 indicates that it was the intention of the framers to provide a speedy and effective means of securing a judgment on claims presumptively meritorious. (See First Preliminary *545 Rep. of Advisory Committee on Practice and Procedure, p. 91; N. Y. Legis. Doc., 1957, No. 6 [b], p. 91.) Unfortunately, there is no specific amplification concerning the legislative intent surrounding the use of the words ‘instrument for the payment of money only.’ Even the later reports to the Legislature up to the eve of the section’s enactment are bare of any directives of intent addressed to the subject words. (See Fifth Report; N. Y. Legis. Doc., 1961, No. 15, p. 492; Sixth Report; N. Y. Legis. Doc., 1962, No. 8, p. 338.)
“It would appear, therefore, that the procedure under CPLR 3213 was enacted to provide ostensibly a route which a litigant could pursue toward quick judgment if he could demonstrate a presumptively meritorious action readily definable, and with payment terms that were unequivocal and unconditional”.
In other words, the instrument can only require “a [person] to make payments of money and ‘nothing else’ ” (All-O-Matic Mfg. Corp. v Shields, 59 Misc 2d 199, 201 [Nassau Dist Ct 1969] [Tomson, J.]).
After carefully searching this record, this court concludes that the DCA’s decisions and orders implicitly directing- “forthwith” payments of $800 in fines are incontestable admittedly because of Key Food’s failure to exhaust its administrative remedies challenging such administrative orders. (Matter of Kostick v Del Castillo, 133 AD2d 759 [2d Dept 1987].) Defendant’s apparent indifference to pursuing such administrative remedies obviously forecloses any possibility of judicial review. (Cf., Matter of Schwartz v Bank St. Coll., 51 AD2d 947 [1st Dept 1976]; Ryan v New York Tel. Co., 62 NY2d 494 [1984].) Key Food was clearly afforded a full and fair opportunity to be heard as to what it perceives to have been inspectorial irregularities but chose to do nothing because of a misplaced reliance on the Food Council’s historic role as its advocate. Thus, these are final and binding DCA decisions and orders that facially require nothing other than Key Food’s explicit obligation to pay monetary fines. There is also no issue of fact as to defendant’s admitted nonpayment of these fines.
Based upon the foregoing, this court finds “that the order [s] involved [are] instrument [s] for the payment of money only.” (Feerst v Kosiner, 147 Misc 2d 527, 528 [Long Beach City Ct 1990] [Fleischman, J.] [New York State Division of Housing and Community Renewal order awarding tenant rent overcharge damages found to be “an instrument for payment of money only”]; see also, Bentaleb v Mezoui, 139 Misc 2d 398 [Sup Ct, NY County 1988] [Baer, J.] [Family Court order direct *546 ing a monthly payment of a sum certain for child support accorded CPLR 3213 treatment].)
This holding rests on an analysis that disabuses the notion that this court is proffering an interpretation in the absence of enabling legislation. Moreover, there is simply no justifiable reason why administrative agencies must expend considerable time and tax dollars to follow cumbersome civil practice procedures applicable to conventional actions in their efforts to enforce final and binding orders for the payment of money only.
Plaintiff is, therefore, granted accelerated summary judgment for $800. The Clerk shall enter a judgment accordingly together with the costs and disbursements of this action.

. New York City Charter § 2203 (e) states: “(e) The [DCA] commissioner, in the performance of said functions, shall be authorized to hold public and private hearings, administer oaths, take testimony, serve subpoenas, receive evidence, and to receive, administer, pay over and distribute monies collected in and as a result of actions brought for violations of laws relating to deceptive or unconscionable trade practices, or of related laws, and to promulgate, amend and modify rules and regulations necessary to carry out the powers and duties of the department.”

. The Food Council is an advocacy association, inter alia, representing the interests of its members in proceedings before the DCA.