OPINION OF THE COURT
Augustus C. Agate, J.
*532 Plaintiffs move for summary judgment in lieu of complaint pursuant to CPLR 3213, arguing that there are no issues of fact in dispute. On May 26, 2005, plaintiffs and defendant entered into a contract of sale whereby plaintiffs would purchase defendant’s residential property for $739,500. Plaintiffs gave defendant a down payment of $73,950 and also paid $1,570 for defendant to improve the bathrooms. The parties did not close on the contract and now plaintiffs seek to recover their payments.
Plaintiffs argue that they are entitled to recover their money based upon the purchase agreement. Under the contract of sale, plaintiffs were entitled to a refund of their down payment if they were unable to secure a mortgage commitment. Plaintiffs presented evidence that they were denied a mortgage from Wells Fargo and therefore they are entitled to their deposit. Further, since plaintiffs were unable to purchase the property, they should be refunded the money they gave defendant to improve the property.
Defendant opposes plaintiffs’ motion, arguing that their relief does not qualify under CPLR 3213 and there are issues of fact in dispute. Defendant argues that plaintiffs may not seek relief under CPLR 3213 because this is not a contract for the payment of money only that does not require extrinsic evidence to be proven. Rather, there are numerous documents that are relevant to determining who is entitled to keep the down payment, thereby making summary judgment in lieu of complaint inappropriate. Further, defendant argues that there are issues of fact as to whether plaintiffs were able to secure a mortgage for the property. If plaintiffs secured a mortgage, albeit for a lesser amount than expected, they are not entitled to a refund of the down payment for their failure to close on the property. Defendant also argues that plaintiffs may not recover the $1,570 it paid for improvements, as the contract clearly stated that plaintiffs are not entitled to such a refund unless the seller wilfully defaulted on the contract. As there is no evidence that defendant wilfully defaulted on the agreement, plaintiffs may not recover the additional money.
Under CPLR 3213, when an action is based upon an instrument for the payment of money only or upon a judgment, the plaintiff may serve with the summons a notice of motion for summary judgment in lieu of complaint. An instrument qualifies under CPLR 3213 if a prima facie case would be made out by the instrument and a failure to make the payments called for *533 by its terms. (East N.Y. Sav. Bank v Baccaray, 214 AD2d 601 [2d Dept 1995].) Where the instrument requires something in addition to the party’s explicit promise to pay a sum of money, CPLR 3213 is not available. (See Weissman v Sinorm Deli, 88 NY2d 437 [1996]; New Rochelle Dodge v Bank of N.Y., 127 AD2d 638 [2d Dept 1987].)
It is the court’s opinion that an action to refund a down payment on the purchase of property does not qualify under CPLR 3213. (See Lopez v Perry, 53 Misc 2d 445 [Sup Ct, Kings County 1967].) There has been no clear appellate decision on this issue upon which the court can rely. However, it is clear that a contract of sale is not an instrument for the payment of money only, as it is too complex to qualify as a promissory note or other instrument under CPLR 3213. Rather, a contract of sale is an agreement between buyer and seller that includes a variety of conditions that must be performed by the parties. Unlike a note or other instrument, these conditions relinquish the entitlement to payment of money if they are not completed. A demand for the return of a down payment also requires extrinsic evidence that the conditions of the contract of sale were not met. As an instrument for the payment of money only does not require extrinsic evidence for a plaintiff to prove prima facie entitlement to summary judgment, a contract of sale cannot be considered a qualifying agreement under CPLR 3213. (See Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136 [1st Dept 1968].)
The evidence presented in this matter supports the court’s determination. Plaintiffs could not rely solely on the contract of sale to support their motion but needed extrinsic evidence to prove a prima facie entitlement to summary judgment. Plaintiffs submitted bank letters to prove that they were unable to obtain a mortgage commitment and were entitled to a return of their down payment. Plaintiffs could not establish a prima facie entitlement to summary judgment without submitting this extrinsic evidence, which would not be necessary in an action involving an instrument for the payment of money only. Therefore, plaintiffs’ moving papers demonstrate that the contract of sale is not an instrument for the payment of money under CPLR 3213. (See Tonkonogy v Seidenberg, 63 AD2d 587 [1st Dept 1978].)
Accordingly, plaintiffs’ motion for summary judgment in lieu of complaint pursuant to CPLR 3213 is denied.