Iacovacci v Brevet Holdings, LLC (2022 NY Slip Op 02622)

Iacovacci v Brevet Holdings, LLC

2022 NY Slip Op 02622

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Index No. 158735/16 Appeal No. 15769 Case No. 2021-03483 

[*1]Paul Iacovacci, Plaintiff-Respondent,
v
Brevet Holdings, LLC, etc., et al., Defendant-Appellants.

Reed Smith LLP, New York (Louis M. Solomon of counsel), for appellants.
Cyrulnik Fattaruso LLP, New York (Jason Cyrulnik of counsel), for respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about March 10, 2021, which denied defendants' motion for leave to amend the answer with counterclaims, unanimously affirmed, without costs.
Plaintiff is a former employee of defendants who declared he was retiring but was subsequently terminated for cause, as defendants accused him of breaching a non-compete provision and improperly possessing defendants' materials. In October 2016, plaintiff brought this action for, among other things, wrongful termination. Defendants asserted numerous affirmative defenses and counterclaims, including breach of contract, tortious interference with business relations, and misappropriation of trade secrets.
In December 2020, defendants commenced a separate action against plaintiff and his newly formed fund, nonparty Enascor, LLC, alleging that they began competing against defendants using written marketing materials that lifted information word for word from defendants' confidential and proprietary information. Ultimately, that action was removed to federal court.
The motion court providently denied defendants' motion for leave to amend their answer to add allegations of plaintiff's ongoing improper conduct to their affirmative defenses of illegality and unclean hands, to add an affirmative defense of set-off based upon plaintiff's ongoing improper conduct, and to add allegations supporting the counterclaims that plaintiff continued to use defendants' confidential and proprietary materials in forming and marketing Enascor. As there is a separate federal action pending involving the same parties, the same causes of action, and seeking the same relief, the proposed amendments were properly denied (see JPMorgan Chase Bank, N.A. v Luxama, 172 AD3d 1341, 1342 [2d Dept 2019]; Swartz v Swartz, 145 AD3d 818, 822 [2d Dept 2016]). Defendants' current counterclaims are primarily based on events that took place in 2016, whereas the federal Enascor action addresses plaintiff and Enascor's more recent activity. In addition, defendants will not be prejudiced by the denial of the addition of the set-off defense, as they are currently litigating the federal Enascor action (see Mead Reins. Corp. v Town of Oyster Bay, 138 AD2d 578, 579 [2d Dept 1988]; Screen Gems-Columbia Music v Hansen Publ., 42 AD2d 897, 898 [1st Dept 1973], affd 35 NY2d 885 [1974]). In light of the federal action, there is no need to add defendants' proposed allegations, and needlessly complicate or delay discovery and trial
in this action (see Cafe Lughnasa Inc. v A&R Kalimian LLC, 176 AD3d 523, 523 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022